FILED

203 OCT 17 A 9 54

US DISTRICT COURT
HARTFORD CT



# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS SICINOLFI,<br>a/k/a NICK SICINOLFI,<br>a/k/a NICHOLAS SARNO,<br>a/k/a NICK SARNO; and<br>THE NICHOLAS-JAMES<br>COMPANY, LLC,<br><br>    *Plaintiffs*,<br><br>V.<br><br>TOWN OF TRUMBULL;<br>MARLIN LIVELY, in his<br>individual capacity only;<br>ANNE MOORE, in her individual<br>capacity only; RICHARD<br>BERNARD, in his individual<br>capacity only; and CHRISTOPHER<br>PAOLETTI, in his individual<br>capacity only.<br><br>    *Defendants*. | NO.  303CV929 (AWT)<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMAND**<br><br><br><br><br><br><br><br><br>October 16, 2003 |

# FIRST AMENDED COMPLAINT
# & JURY TRIAL DEMAND

Now Come NICHOLAS SICINOLFI and THE NICHOLAS-JAMES COM-
PANY, LLC, by their attorneys Rosenstein & Barnes, and make the following for
their complaint and jury trial demand.

## PRELIMINARY STATEMENT

1.   Plaintiffs bring the following action for deprivation of constitutionally
protected rights to free speech and association, the right to be free from unlawful
search, detention, interdiction and seizure, the right to be free from unlawful
prosecution, and the right to due process and equal protection of the laws of the
United States, against defendant Town of Trumbull, a municipal corporation;
Marlin Lively, the Town's former acting Chief of Police; Anne Moore, a former
member of the Town's Board of Police Commissioners; and Richard Bernard and
Christopher Paoletti, Trumbull police sergeants.

## PARTIES, JURISDICTION & VENUE

2.   Plaintiff Sicinolfi is a long time resident of the Town of Trumbull,
Connecticut.

3.   Plaintiff The Nicholas-James Company, LLC, was at all relevant times a
Connecticut limited liability company.

4.   Defendant Town of Trumbull (*hereinafter* "Trumbull" or "Town") is a municipal corporation duly authorized and existing under the laws of the State of Connecticut.

5.   Defendant Marlin Lively (*hereinafter* "Lively") was at all relevant times an employee of defendant Town acting under color of law in his capacity as Acting Chief of Police of defendant Town.  Defendant Lively was, while Acting Chief of the Trumbull Police Department, the Chief executive and policy making head of the Department.  Defendant Lively reported to the Trumbull Board of Police Commissioners.  Defendant Lively was at all relevant times a "policy maker" within the meaning of 42 U.S.C. §§ 1983, et seq.  Defendant Lively is sued in his individual capacity.

6.   Defendant Anne Moore (*hereinafter* "Moore") was at all relevant times a member of the Board of Police Commissioners (*hereinafter* "Board") of defen-dant.  The Chief of the Trumbull Police Department reports to the Board of Police Commissioners, which sets all Department policy and directs the activities of the Chief and the Department.  During the period at issue defendant Moore acted under color of law in her capacity as a member of said Board.  Defendant Moore

2

was at all relevant times a "policy maker" within the meaning of 42 U.S.C. §§ 1983, et seq. Defendant Moore is sued in her individual capacity.

7. Defendant Richard Bernard (*hereinafter* "Bernard") was at all relevant times an employee of defendant Town acting under color of law in his capacity as a Police Sergeant of defendant Town. Defendant Bernard issued in his individual capacity.

8. Defendant Christopher Paoletti (*hereinafter* "Paoletti") was at all relevant times an employee of defendant Town acting under color of law in his capacity as a Police Sergeant of defendant Town. Defendant Paoletti is sued in his individual capacity.

9. Subject matter jurisdiction is based upon 28 U.S.C. §§ 1331 & 1367 and 42 U.S.C. §§ 1983 & 1988.

10. Personal jurisdiction is based upon personal service upon defendants.

11. Venue is proper in this district under 28 U.S.C. § 1391 because the parties reside or are located here and the events giving rise to plaintiffs' causes of action took place here.

3

**FACTS**

12.   At all times relevant to this complaint plaintiff Sicinolfi was and has been engaged in the business of providing supervised visitation services.  Plaintiff Sicinolfi is appointed by the Superior Court of the State of Connecticut to assure that no harm comes to children or other parties in domestic cases during visitation.  Plaintiff Sicinolfi has been recognized by the Connecticut Superior Court as an expert in supervised visitation.  Plaintiff Sicinolfi is appointed by the court and reports to the court.

13.   Plaintiff Sicinolfi did business through plaintiff The Nicholas-James Company, LLC.

14.   Plaintiff Sicinolfi owned one-half of plaintiff The Nicholas-James Company, LLC.  The other employee and principal of plaintiff The Nicholas-James Company, LLC, was James DeSanty, a thirty-five year veteran Detective Sergeant in the Trumbull Police Department.

15.   The nature of plaintiffs' business, and the fact that Det. Sgt. DeSanty was a principal therein, was well known to the Trumbull Police Department in general and to defendants herein in particular.

4

16.   Plaintiff Sicinolfi and Det. Sgt. DeSanty were friendly with many Trumbull police officers, including Lt. Thomas Kiely, Det. Michael Harry, Chief of Detectives Kevin Hammel; Deputy Chief Joseph Edwards; Chief of Police James Ambrosini and Det. Richard Cifatte.

17.   Plaintiff Sicinolfi's relationship with Det. Sgt. DeSanty, and his friendship with Trumbull police officers, including Lt. Thomas Kiely, Det. Michael Harry, Chief of Detectives Kevin Hammel; Deputy Chief Joseph Edwards; Chief of Police James Ambrosini and Det. Richard Cifatte, was well known to the Trumbull Police Department in general and to defendants herein in particular.

18.   Defendant Moore was a vocal critic of the Trumbull police department and the Trumbull police. During the period relevant to this complaint defendant Moore's sons were repeatedly arrested and charged with crime by the Trumbull police. Defendant Moore expressed the view that the arrests were bad and were the result of animus against her and her family. Defendant Moore sought a position on the Trumbull Board of Police Commissioners with the specific intention to attack her perceived enemies at the Trumbull police department, particularly Chief of Police James Ambrosini.

5

19.   Defendants Lively, Bernard and Paoletta were not friendly with Lt. Thomas Kiely, Det. Michael Harry, Chief of Detectives Kevin Hammel; Deputy Chief Joseph Edwards; Chief of Police James Ambrosini and Det. Richard Cifatte.  Defendants Lively, Bernard and Paoletta supported defendant Moore, personally and politically, as a way to obtain preferment and to attack their enemies on the department.

20.   Defendant Moore was closely associated with defendants Lively, Bernard and Paoletta in all matters regarding the Trumbull Police Department and Trumbull politics in general.  There was a general agreement and meeting of the minds between defendants on political matters within the Trumbull police department, as further shown below.

21.   Lieutenant Thomas Kiely, Det. Michael Harry, Chief of Detectives Kevin Hammel; Deputy Chief Joseph Edwards; Chief of Police James Ambrosini and Det. Richard Cifatte, among other Trumbull police officers, were strongly opposed to defendants in all matters concerning the Trumbull police department and in Trumbull politics in general.

22.   Trumbull police officers Det. Sgt. DeSanty, Lt. Thomas Kiely, Det. Michael Harry, Chief of Detectives Kevin Hammel; Deputy Chief Joseph Ed-

6

wards; Chief of Police James Ambrosini and Det. Richard Cifatte were hostile to, and enemies of, defendants.

23.   During the period relevant to this complaint several Trumbull police officers made an municipal ethics complaint against defendant Moore, alleging, among other things, that she could not conduct the business of the Trumbull Board of Police Commissioners while at the same time attacking the Trumbull police, and particular police officers, and accusing them of misconduct in matters involving her sons.

24.   The ethics complaint caused great animosity between defendants, on the one hand, and Lieutenant Thomas Kiely, Det. Michael Harry, Chief of Detectives Kevin Hammel; Deputy Chief Joseph Edwards; Chief of Police James Ambrosini and Det. Richard Cifatte, on the other.

25.   Defendants were hostile to, and enemies of, Trumbull police officers Det. Sgt. DeSanty, Lt. Thomas Kiely, Det. Michael Harry, Chief of Detectives Kevin Hammel; Deputy Chief Joseph Edwards; Chief of Police James Ambrosini and Det. Richard Cifatte.

26.   Trumbull police officers Det. Sgt. DeSanty, Lt. Thomas Kiely, Det. Michael Harry, Chief of Detectives Kevin Hammel; Deputy Chief Joseph Ed-

wards; Chief of Police James Ambrosini and Det. Richard Cifatte, and, due to their association with them, plaintiffs, were a group in the eyes of defendants, and defendants disliked those individuals as a group.

27.    Defendant Moore forced Chief of Police James Ambrosini to retire. Defendant Moore chose defendant Lively as the Acting Chief of Police.  Defendant Moore induced the Trumbull Board of Police Commissioners to approve defendant Lively as Acting Chief of Police.  In return, defendant Lively harassed defendant Moore's enemies on the Department by denying reasonable requests, imposing unjust discipline and making unpopular assignments.

28.    During the time relevant to this complaint the Trumbull police investigated a crime committed by one of defendant Moore's sons.  Defendant Lively took steps, including reassignment of the investigating officer, to impede that investigation.  On information and belief defendant Lively took these steps at the request of defendant Moore or as part of his working relationship with defendant Moore.

29.    During the time relevant to this complaint a crime was committed during a meeting of the Trumbull Board of Police Commissioners at which defendants Moore and Lively were present.  There was a fire alarm.  The alarm

8

prevented a vote which might have gone against defendants Lively and Moore. While the meeting room was empty, papers were stolen which belonged to a member of the Board.  These crimes benefitted the defendants.

30.  On information and belief defendant Bernard, or defendant Paoletta, or both, were involved in the commission of the crimes.

31.  Defendant Lively took steps to impede the investigation of the crimes. On information and belief defendant Lively took these steps at the request of the other defendants or as part of his working relationship with the other defendants.

32.  Defendant Lively procured the promotions of defendant Bernard and Paoletta.  On information and belief defendant Moore approved said promotions. On information and belief the promotions rewarded defendants Paoletta and Bernard for their loyalty to defendants Lively and Moore and for their services to Lively and Moore.

33.  Because a firearm is necessary to effective work as a visitation supervisor, in 1999 plaintiff Sicinolfi applied for and was issued a pistol carry permit by the Town of Trumbull Police Department.

31.  Between April, 2001 and August, 2001, defendants subjected plaintiffs to a campaign of harassment which included the following:

a.  In mid-April, 2001, defendants harassed plaintiff Sicinolfi by repeatedly sending Trumbull Police cruisers to plaintiff Sicinolfi's home, and causing Trumbull police officers to question plaintiff Sicinolfi's aunt, who resides with him, about plaintiff Sicinolfi, on the pretext that the Trumbull police were going to arrest plaintiff Sicinolfi for driving an unregistered motor vehicle, when in fact, as defendants well knew, plaintiff Sicinolfi was not driving, and had never driven, an unregistered motor vehicle, the sole purpose of said visits being to harass plaintiff and injure plaintiffs' reputation; and

b.  On or about May 21, 2001, defendant Bernard illegally interdicted and detained one of plaintiffs' supervised visitation clients, although the client had committed no crime and there was no cause to stop or arrest the client, and thereafter used his authority to question the client at length about plaintiffs in a hostile and offensive manner, the sole purpose of said stop being to damage plaintiffs' reputation and business; and

c.  On several occasions in June, 2001, defendant Lively, acting under color of his authority as Chief of Police, harassed plaintiff Sicinolfi by threatening to have plaintiff Sicinolfi's pistol permit summarily revoked, when, as defendant Lively well knew, plaintiff Sicinolfi had lawfully obtained his pistol permit

10

and there was no legal ground to revoke it, the sole purpose of said telephone calls being to harass plaintiffs and threaten them with injury to their business; and

    d.  On or about August 2, 2001, defendants Lively, Paoletti and Bernard used their authority to wrongfully detain and falsely arrest plaintiff Sicinolfi at the Trumbull Police Station, in the presence of plaintiffs' supervised visitation clients, solely to interfere with plaintiffs' business and to embarrass plaintiff Sicinolfi in the presence of the persons he was assigned to protect; and

    e.  On or about Aug. 3, 2001 defendant Lively seized plaintiff Sicinolfi's Town of Trumbull pistol permit under color of his authority, and revoked the same, without lawful cause and an arbitrary and improper manner, solely to damage plaintiffs' reputation and interfere with their business.

32.  Plaintiffs were subjected to the foregoing campaign of harassment, false imprisonment and detention, interference with property and contract rights, interference with business and violation of federally protected rights, because plaintiffs, and Det. Sgt. DeSanty, plaintiff Sicinolfi's partner in plaintiff The Nicholas-James Company, LLC, were seen by defendants as a part of a disfavored group.

11

33.  Plaintiffs were subjected to the foregoing campaign of harassment, false imprisonment and detention, interference with property and contract rights, interference with business and violation of federally protected rights, because plaintiff Sicinolfi spoke publically and in private generally criticizing the Trumbull Police Department under the stewardship of defendants Moore and Lively, and in particular plaintiff Sicinolfi spoke against the improper promotions of defendants Lively and Paoletti; the policies of the Trumbull Police Department which had been established by defendant Moore and Lively; and the misconduct and questionable ethical behavior of defendants, and especially of defendant Moore, who directed and caused such promotions and made and implemented such policies.

34.  Plaintiffs were subjected to the foregoing campaign of harassment, false imprisonment and detention, interference with property and contract rights, and interference with business and violation of federally protected rights, because Det. Sgt. James DeSanty, plaintiff Sicinolfi's business partner in plaintiff The Nicholas-James Company, LLC, spoke publically and in private against the policies of the Trumbull Police Department in general under the stewardship of defendants Moore and Lively, and specifically against the improper promotions of defendants Lively and Paoletti; the policies of the Trumbull Police Department

12

established by defendants Moore and Lively, and the outright misconduct and questionable ethical behavior of defendants, and especially of defendant Moore, who directed and caused such promotions and made and implemented such policies.

35.   Plaintiffs were subjected by defendants to the foregoing campaign of harassment, false imprisonment and detention, interference with property and contract rights, and interference with business and violation of federally protected rights, because plaintiff Sicinolfi and Det. Sgt. DeSanty, the principals of plaintiff The Nicholas-James Company, LLC, were friends and associates of Lt. Thomas Kiely, Det. Michael Harry, Chief of Detectives Kevin Hammel, Deputy Chief Joseph Edwards, Chief of Police James Ambrosini and Det. Richard Cifatte, Trumbull police officers who regularly spoke, publically and in private, against the improper promotions of defendants Lively and Paoletti; the policies of the Trumbull Police Department, and the outright misconduct and questionable ethical behavior of defendants, and especially of defendant Moore, who directed and caused such promotions and made and implemented such policies.

13

36.   On information and belief defendant Moore directly participated in some or all of these wrongful acts by either ordering the other defendants to perform them or encouraging the other defendants to perform them.

37.   On information and belief defendant Moore participated in some or all of these wrongful acts because she learned of them after the fact but failed to use her authority and position to remedy them.

38.   On information and belief defendant Moore participated in some or all of these wrongful acts by creating a policy or custom which allowed them to occur.

39.   On information and belief defendant Moore participated in some or all of these wrongful acts by allowing the policy or custom which allowed them to occur to continue.

40.   On information and belief defendant Moore participated in some or all of these wrongful acts by managing the other defendants herein, who performed the wrongs, in a grossly negligent manner.

41.   The aforesaid wrongful conduct was the result of a policy of defendant Town of Trumbull to use its police powers to actively harass and intimidate and

14

violate the civil rights of individuals who dared criticize the policies of the Trumbull Police Department.

## COUNT ONE

42. By the foregoing conduct defendants Moore, Lively, Paoletti and Bernard violated plaintiffs' right to be free from false arrest, detention and groundless interdiction under the Fourth and Fifth Amendments to the United States Constitution, and plaintiffs' right to due process of the laws under the Fourteenth Amendment to the United States Constitution.

43. Plaintiffs suffered injury as a direct and proximate result of said violation of their rights.

44. Plaintiffs seek redress under 42 U.S.C. §§ 1983, 1985 and 1988.

45. On information and belief defendants acted maliciously and/or with conscious disregard of plaintiffs' rights and/or the likelihood that said rights would be violated.

## COUNT TWO

46. By the foregoing conduct defendants Moore, Lively, Paoletti and Bernard violated plaintiffs' right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

15

47.   Plaintiffs suffered injury as a direct and proximate result of said violation of their rights.

48.   Plaintiffs seek redress under 42 U.S.C. §§ 1983 and 1988.

49.   On information and belief defendants acted maliciously and/or with conscious disregard of plaintiffs' rights and/or the likelihood that said rights would be violated.

**COUNT THREE**

50.   By the foregoing conduct defendants Moore, Lively, Paoletti and Bernard violated plaintiffs' rights to freedom of speech and association under the First Amendment to the United States Constitution.

51.   Plaintiffs suffered injury as a direct and proximate result of said violation of their rights.

52.   Plaintiffs seek redress under 42 U.S.C. §§ 1983 and 1988.

53.   On information and belief defendants acted maliciously and/or with conscious disregard of plaintiffs' rights and/or the likelihood that said rights would be violated.

16

## COUNT FOUR

54.  On information and belief defendants Moore, Lively, Paoletti and Bernard, acting under color of state law, conspired in violation of 42 U.S.C. § 1985 to violate plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

55.  Plaintiffs suffered injury as a direct and proximate result of the acts taken pursuant to said conspiracy.

56.  Plaintiffs seek redress under 42 U.S.C. §§ 1983, 1985 and 1988.

57.  On information and belief defendants acted maliciously and/or with conscious disregard of plaintiffs' rights and/or the likelihood that said rights would be violated.

## COUNT FIVE

58.  By the foregoing conduct defendant Town of Trumbull violated the rights to free speech and association, due process of the laws and equal protection of the laws guaranteed plaintiffs by the First and Fourteenth Amendments to the United States Constitution by maintaining, adopting and condoning a policy to use its police powers to actively harass and intimidate and violate the civil right of individuals who dared criticize the policies of the Trumbull Police Department.

17

59.    The policies and practices of defendant Town directly and proximately caused injury to plaintiffs.

60.    Plaintiffs suffered injury as a direct and proximate result of said violation of their rights.

61.    Plaintiffs seek redress under 42 U.S.C. § 1983 and 1988.

## REQUEST FOR RELIEF

WHEREFORE, plaintiffs demand:

1.    Compensatory damages (all defendants and all counts);

2.    Punitive damages (Defendants Moore, Lively, Paoletti and Bernard only and Counts One through Four only);

3.    Attorney's fees and costs; and

4.    Such other relief as to the court shall appear just and proper.

THE PLAINTIFFS
NICHOLAS SICINOLFI,
a/k/a NICK SICINOLFI,
a/k/a NICHOLAS SARNO,
a/k/a NICK SARNO; and
THE NICHOLAS-JAMES
COMPANY, LLC


BY: _____
WILLIAM B. BARNES, ESQ.
   (CT0268)
Rosenstein & Barnes
1100 Kings Hwy. East
P.O. Box 687
Fairfield, CT 06432
Tel (203) 367-7922
Fax (203) 367-8110
E-mail wbarnes@rosenbar.com

19

## <u>CERTIFICATION</u>

A copy of the foregoing was faxed and mailed postage prepaid, first class mail, on October 16, 2003, to the following persons at the addresses stated:

Louis N. George, Esq.
Raymond M. Hassett, Esq.
Michelle D. Killion, Esq.
Hassett & George, P.C.
555 Franklin Ave.,
Hartford, CT 06114

WILLIAM B. BARNES, ESQ.

20

WordPerfect Document Compare Summary

Original document: P:\My Documents\MyFiles\Sarno\complaint draft.wpd
Revised document: P:\My Documents\MyFiles\Sarno\First Amended Complaint.wpd
Deletions are shown with the following attributes and color:
    *Italics*, ~~Strikeout~~, (No color code).
    Deleted text is shown as full text.
Deletions are surrounded by greater than/less than signs < >.
Insertions are shown with the following attributes and color:
    **Bold**, (No color code).
Insertions are surrounded by brackets [ ].

The document was marked with 16 Deletions, 22 Insertions, 0 Moves.