FILED

2003 OCT 17 A 10 55

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS SICINOLFI, | : | DN. 3:03 CV 929 (AWT) |
| a/k/a NICK SICINOLFI, | : | |
| a/k/a NICHOLAS SARNO, | : | |
| a/k/a NICK SARNO; and | : | |
| THE NICHOLAS-JAMES | : | |
| COMPANY, LLC, | : | |
| | : | |
|     Plaintiffs, | : | |
| | : | |
|     V. | : | |
| | : | |
| TOWN OF TRUMBULL; | : | |
| MARLIN LIVELY, in his | : | |
| individual capacity only; | : | |
| ANNE MOORE, in her individual | : | |
| capacity only; RICHARD | : | |
| BERNARD, in his individual | : | |
| capacity only; and CHRISTOPHER | : | |
| PAOLETTI, in his individual | : | |
| capacity only. | : | |
| | : | |
|     Defendants. | : | Oct. _16_ , 2003 |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

I.    INTRODUCTION

    Plaintiffs Nicholas Sicinolfi and The Nicholas-James Company, LLC ("plaintiffs") respectfully submit this memorandum

in opposition to the motion to dismiss under Fed. R. Civ. P. 12(b)(6) served by defendants Town of Trumbull, et al, dated Aug. 28, 2003.

The motion should be denied as to the claims against defendant Anne Moore in Counts One, Two and Three because plaintiffs have amended their complaint to clarify her personal involvement in the wrongs alleged.

The motion should be denied as the claims against the remaining defendants in Count One because plaintiffs have adequately alleged a violation of the U.S. Constitution.

The motion should be denied as to the claims against all defendants in Count Two because it is a denial of equal protection of the laws under the Fourteenth Amendment of the U.S. Constitution to design and carry out government policy merely to injure a disfavored group.

The motion should be denied as to the claims against all defendants in Count Four because plaintiffs have amended their complaint to show the connections between defendants supporting their allegations of conspiracy.

III. ARGUMENT

    A.   <u>Legal Standards</u>

        1.   The Standard Governing
              Pleading Civil Rights Claims

The standard of pleading required of a complaint is set forth in Fed. R. Civ. P. 8(a), (e) & (f).[1] "Rule 8 establishes the basic requirements for pleadings in all federal civil actions... ."[2] All pleadings setting forth claims for relief must

---

[1]  Rule 8.  General Rules of Pleading.

(a)-- CLAIMS FOR RELIEF. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

(e)-- PLEADING TO BE CONCISE AND DIRECT; CONSISTENCY.

(1)-- Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

(f)-- CONSTRUCTION OF PLEADINGS. All pleadings shall be so construed as to do substantial justice.

[2]  2 Moore's <u>Federal Practice</u> § 8.02[1] (2003 CD-ROM ed.)

(continued...)

include a short and plain statement of the claim showing that the pleader is entitled to relief.[3]  No technical forms of pleading are required.[4]  All pleadings shall be construed to do substantial justice.[5]

A claimant does not have to set out in detail the facts on which the claim for relief is based, but must only provide a statement sufficient to put the opposing party on notice of the claim.[6]  The intent of the liberal notice pleading system is to ensure that claims are determined on their merits rather than through missteps in pleading.[7]

Pleading conclusory allegations of fact or law is permitted, provided the averments are short and plain and give fair notice

---

[2]  (...continued)
(hereinafter "Moore").

[3]  Fed. R. Civ. P. 8 (a)(2).

[4]  Fed. R. Civ. P. 8(a)(1).

[5]  Fed. R. Civ. P. 8(f).

[6]  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

[7]  Swierkiewicz, at 514; Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits").

to the defending parties of the claim and the grounds alleged in support.[8]

Claimants may aver facts that they believe to be true, but for which they lack evidentiary support at the time of pleading, upon "information and belief," when the facts that would support the allegations are within the defendant's knowledge or control.[9]

The exceptions to notice pleading under Rule 8 are listed in statutes and other federal rules.[10]  Under the maxim "expressio unius est exclusio alterius," any situation not listed is governed by Rule 8.[11]  There is no heightened pleading standard for civil rights cases brought under 42 U.S.C. § 1983.[12]

---

[8]  2 Moore § 8.04[2].

[9]  Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1372-73 (10th Cir. 1979) (can plead conspiracy on information and belief); Gitterman v. Vitoulis, 564 F.Supp. 46, 50 (S.D.N.Y. 1982) (can plead RICO predicate acts on information and belief); 2 Moore § 8.04 [4].

[10]  2 Moore § 8.04 (see, for example, Fed. R. Civ. P. 9 (requiring special pleading of fraud, special damages and lack of capacity) & 23.1 (requiring special pleading in class actions) and the 1995 Private Securities Litigation Reform Act (requiring special pleading of securities law violations).).

[11]  See Swierkiewicz, at 513; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 1267-68, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).

[12]  See Swierkiewicz (no heightened pleading standard in
(continued...)

2.    The Standards Governing
      Motions to Dismiss Under
      Fed. R. Civ. P. 12(b)(6)

Defendants have moved to dismiss under Fed. R. Civ. P.

12(b)(6).[13]  The party moving for dismissal under that section

has the burden of proving that no claim has been stated.[14]  To

prevail, the movant must show "beyond doubt that the plaintiff

can prove no set of facts in support of his claim [that] would

entitle him to relief." [15]  The latter principle is applied with

---

[12]    (...continued)
discrimination cases); Leatherman (no heightened pleading
standard for civil rights claims against municipalities), see
also Tsotesi v. Board of Education of the City School District of
the City of New York, 258 F.3d 336, 338 & n.7 (S.D.N.Y. 2003)
(plaintiff need not plead evidence showing Monell liability in
complaint).

[13]    Fed. R. Civ. P. 12(b)(6) reads as follows:

      Every defense, in law or fact, to a claim for relief in
      any pleading, whether a claim, counterclaim,
      cross-claim, or third-party claim, shall be asserted in
      the responsive pleading thereto if one is required,
      except that the following defenses may at the option of
      the pleader be made by motion: ...(6) failure to state
      a claim upon which relief can be granted,... .

[14]    Conley, at 45-46.

[15]    Conley, at 45-46 (movant must show "beyond doubt that
the plaintiff can prove no set of facts in support of his
claim"); accord, Hishon v. King & Spalding, 467 U.S. 69, 73, 104
S. Ct. 2229, 81 L. Ed. 2d 59 (1984) (citing Conley and reversing
(continued...)

6

particular strictness in civil rights cases.[16]  All factual

allegations in the complaint are to be treated as if they are

true, and reasonable inferences must be made in favor of the

plaintiffs.[17]

> 3.   The Standards Governing
>      Amendment of Complaints
>      After a Motion to Dismiss
>      Under Fed. R. Civ. P.
>      12(b)(6) Has Been Filed

Rule 15(a) allows a party to amend its pleading once as a

matter of course at any time before a responsive pleading is

served.[18]  A motion to dismiss for failure to state a claim is

---

[15]   (...continued)
dismissal for failing to state a claim of discrimination under
Title VII); Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 66 L.
Ed. 2d 163 (1980) (complaint should only be dismissed if it
appears beyond doubt that plaintiff can not prove facts in its
support); 2 Moore § 12.34[1][a].

[16]   Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.), cert.
denied, 513 U.S. 836, 115 S. Ct. 117, 130 L. Ed. 2d 63 (1994);
Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991), cert.
denied, 504 U.S. 911, 112 S. Ct. 1943, 118 L. Ed. 2d 548 (1992);
Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991); Marczeski v.
Brown, NO. 3:02CV894(GLG), 2002 U.S. Dist. LEXIS 22806, *5 (D.
Conn. Nov. 21, 2002) (copy attached as Exhibit A).

[17]   Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996);
Hernandez, at 136.

[18]    a)-- AMENDMENTS. A party may amend the
        party's pleading once as a matter of course
                                    (continued...)

not a responsive pleading.[19]  Plaintiff may amend the complaint
once without leave, even during the pendency of a motion to
dismiss, if the defendant has not yet served an answer.[20]

> **B.    Plaintiffs Have Amended**
> **Their Complaint to Make Explicit**
> **Defendant Moore's Participation**
> **in the Wrong and to Plead Facts**
> **Showing Civil Conspiracy**

The First Amended Complaint, filed with this memorandum,
contains numerous new allegations about defendant Moore's per-
sonal participation in the wrongs and also the conspiracy alleged
in Count Four.  A copy of the First Amended Complaint is Exhibit
B.  A redline comparison between the original complaint and the
First Amended Complaint is Exhibit C.

---

[18]    (...continued)
        at any time before a responsive pleading is
        served or, if the pleading is one to which no
        responsive pleading is permitted and the
        action has not been placed upon the trial
        calendar, the party may so amend it at any
        time within 20 days after it is served.

[19]    2 Moore § 12.34[5].

[20]    Swan v. Board of Higher Education, 319 F.2d 56, 60-61
(2d Cir. 1963); 2 Moore § 12.34[5].

C.    Defendants' Motion to Dismiss
      all of the Claims in Count Two Should
      be Denied Because Misuse of Government
      Powers to Harass a Disfavored Group
      is an Equal Protection Violation

Intentional misuse of the powers granted law enforcement

officers by statute to harass citizens is a recognized violation

of the constitution which may be redressed under 42 U.S.C. §

1983.[21]  Plaintiffs may allege violation of their right to equal

protection of the laws under the Fourteenth Amendment to the U.S.

Constitution without alleging that they are a member of a group

distinguished by race, sex or some other protected characteris-

tic.[22]  If the harassment alleged would not have occurred but for

---

[21]  See Allee v. Medrano, 416 U.S. 802, 94 S. Ct. 2191, 40
L. Ed. 2d 566 (1974) (sustaining injunctive relief barring Texas
Rangers from harassing demonstrators by, inter alia, wrongful
arrest, detention and interdiction); National Congress for Puerto
Rican Rights v. City of New York, 75 F.Supp. 2d 154 (S.D.N.Y.
1999) (denying motion to dismiss civil rights claims based upon
through wrongful arrest, detention and interdiction); Wilkinson
v. Forst, 591 F.Supp. 403 (D. Conn. 1984) (denying defense motion
for summary judgment because there are many ways that stopping
and searching participants at Klan rally without reasonable
suspicion of illegal activity could violate constitution).

[22]    See Romer v. Evans, 517 U.S. 620, 634-35, 116 S.Ct.
1620, 134 L.Ed.2d 855 (1996) (sustaining equal protection
challenge to state constitutional amendment disadvantaging
homosexuals); United States Department of Agriculture v. Moreno,
413 U.S. 528, 534, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973)
(sustaining challenge to food stamp limitation injuring
                                          (continued...)

the plaintiffs' membership in the unpopular group, then they have

an equal protection claim even if they also have other claims

under other amendments to the U.S. Constitution.[23]

IV.  CONCLUSION

For all of the foregoing reasons defendants' motion to

dismiss should be denied in its entirety.

THE PLAINTIFFS
NICHOLAS SICINOLFI and THE
NICHOLAS-JAMES COMPANY, LLC


BY: _____
WILLIAM B. BARNES, ESQ.
    (CT0268)
Rosenstein & Barnes
1100 Kings Hwy. East
Fairfield, CT 06824
Tel (203) 367-7922
Fax (203) 367-8110
E-mail **wbarnes@rosenbar.com**

---

[22]  (...continued)
"hippies": "For if the constitutional conception of 'equal
protection of the laws' means anything, it must at the very least
mean that a bare congressional desire to harm a politically
unpopular group cannot constitute a legitimate governmental
interest.").

[23]  See Anderson v. Branen, 799 F.Supp. 1490, 1492 (S.D.N.Y.
1992) (motion to dismiss denied; plaintiffs harassed by police
due to their sexual orientation have equal protection claims as
well as 4th Amendment claims for unreasonable search and
seizure).

10

## CERTIFICATION

A copy of the foregoing was faxed and mailed postage pre-paid, first class mail, on October 16, 2003, to the following persons at the addresses stated:

Louis N. George, Esq.
Raymond M. Hassett, Esq.
Michelle D. Killion, Esq.
Hassett & George, P.C.
555 Franklin Ave.,
Hartford, CT 06114

_____
WILLIAM B. BARNES, ESQ.

11