v

Service: **Get by LEXSEE®**
Citation: **2002 U.S. Dist. LEXIS 22806**

*2002 U.S. Dist. LEXIS 22806, **

ELIZABETH A. MARCZESKI, Plaintiff, -against- RICHARD BROWN, ET AL., Defendants.

NO. 3:02CV894(GLG)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2002 U.S. Dist. LEXIS 22806

November 21, 2002, Decided

**DISPOSITION:** Defendants' Motion to Dismiss was granted as to Defendant Brown, and was granted in part and denied in part as to Defendants Gavitt and Dittman.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff citizen sued defendant city manager, police chief, police captain, and police officer for numerous civil rights violations. Defendants moved to dismiss the complaint for failure to state a claim.

**OVERVIEW:** The citizen claimed that defendants stalked and harassed her after she filed a prior court complaint against defendants. The citizen responded to defendants' motion to dismiss by filing a purported amended complaint. The court held that since defendants' Fed. R. Civ. P. 12(b) motion was not a responsive pleading, the citizen was entitled to file an amended complaint without leave of court under Fed. R. Civ. P. 15(a). As to the motion to dismiss the 42 U.S.C.S. § 1983 claim, the court held that the three-year statute of limitations of Conn. Gen. Stat. § 52-577 applied. Hence, any claim based on an act or omission occurring more than three years before the instant complaint was filed was barred. Further, the citizen's prior complaint against defendants was dismissed with prejudice. Thus, to the extent that the claims in the instant action were asserted or could have been asserted in her prior action against defendants, such claims were barred by res judicata. Finally, the claim that defendants refused to stop the harassment, stalking, and threats was based in large part on the same facts raised in the earlier suit against defendants and was precluded under res judicata.

**OUTCOME:** Defendants' motion to dismiss was granted as to the claims against the city manager. The motion to dismiss was also granted as to the claims against the chief and the captain, except for the claim against them for retaliating against her for exercising her right to petition the court for redress.

**CORE TERMS:** retaliation, harassment, lawsuit, judicata, motion to dismiss, failure to state a claim, statute of limitations, constitutional right, mentally ill, intentional infliction of emotional distress, arrest, stalking, police department, First Amendment, quotation, pro se, civil action, trespassing, truck, constitutional rights, responsive pleading, civil rights, three-year, harassing, emotional distress, police officer, false arrest, statue, incompetence, apartment

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings
*HN1* Once a responsive pleading is filed, a party may amend a pleading only with leave of court or with the written consent of the opposing party. Fed. R. Civ. P. 15

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 22800                    Page 3 of 13

Case 3:03-cv-00929-AWT    Document 24-2    Filed 10/17/2003    Page 2 of 12

adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > Coverage
HN9 For purposes of 42 U.S.C.S. §1983, police officials do not have an affirmative constitutional duty to stop harassment of a plaintiff by third parties, and a plaintiff does not enjoy a constitutional right to have the harassment stopped. A police officer has no constitutional duty to conduct investigation of a plaintiff's assault charges. More Like This Headnote

Constitutional Law > Fundamental Freedoms > Freedom of Speech > Scope of Freedom
Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > Coverage
HN10 The right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances. As such, this right cannot be impaired, either directly or indirectly, by threatening or harassing an individual in retaliation for filing a lawsuit. A state actor may not take retaliatory action against an individual that is designed or intended to punish him or her for having exercised his constitutional right to seek judicial relief. In cases involving the right of access to the court, a plaintiff must demonstrate that the defendant caused an actual injury. In a retaliation case, however, the critical issue is the defendant's motive. Retaliation for exercising a constitutional right is, in itself, a violation of constitutional rights. If simple vindictiveness against the plaintiff on account of her lawsuit is a defendant's true motive, a First Amendment violation is established. An act taken in retaliation for the exercise of a constitutionally protected right is actionable under 42 U.S.C.S. § 1983 even if the act, when taken for a different reason, would have been proper. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Civil Rights Generally
Constitutional Law > Fundamental Freedoms > Freedom of Speech > Scope of Freedom
HN11 A plaintiff sufficiently alleges a claim of First Amendment retaliation to survive a defendant's motion to dismiss where the pro se plaintiff alleges that the township police officer had been stalking her and otherwise harassing her in retaliation for her successfully suing him in an earlier civil rights action. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Civil Rights Generally
Constitutional Law > Search & Seizure > Scope of Protection
HN12 Police surveillance of a plaintiff's apartment does not violate the Fourth Amendment in that a plaintiff has no reasonable expectation of privacy as to his comings and goings. More Like This Headnote

Constitutional Law > Search & Seizure > Scope of Protection
Constitutional Law > Substantive Due Process > Scope of Protection
HN13 Allegations that police officers followed and observed a plaintiff in public areas are not sufficiently egregious to constitute a due process violation under the Fourteenth Amendment. More Like This Headnote

Torts > Intentional Torts > Intentional Infliction of Emotional Distress
HN14 In Connecticut, the necessary elements of a claim for intentional infliction of emotional distress include four elements that must be established. It must be shown (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Liability for intentional infliction of emotional

distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. More Like This Headnote

**COUNSEL: [\*1]** Elizabeth A Marczeski, PLAINTIFF, Pro se, New London CT, USA.

For Richard Brown, William Gavitt, William Dittman, DEFENDANTS: James Newhall Tallberg, Updike, Kelly & Spellacy, PC, Hartford CT, USA. William J McLeod, Boston MA, USA.

**JUDGES:** GERARD L. GOETTEL, United States District Judge.

**OPINIONBY:** GERARD L. GOETTEL $

**OPINION:** Plaintiff, Elizabeth A. Marczeski, who is pro se, has filed a complaint against defendants Richard Brown, the City Manager of New London, Connecticut, and Deputy Police Chief William Gavitt and Captain William Dittman of the New London Police Department. This is the second federal complaint that plaintiff has filed against these defendants, the first having been dismissed with prejudice as to these defendants. n1 See Marczeski v. Kamba, et al., 2001 U.S. Dist. LEXIS 12543, No.3:99CV2479(AWT) (hereinafter referred to as the "Kamba" action)(Doc. # 131, Plaintiff's Statements to the Court dtd. 1/9/01; Doc. # 132, Defendants' Stipulation to Plaintiff's Motion to Dismiss Connecticut Defendants dtd. 1/11/01; Doc. # 135, Court's Endorsement Order of 1/16/01 Dismissing with Prejudice Defendants Brown, Dittman, Gavitt, et al..) Defendants now move to have the instant complaint dismissed under **[\*2]** Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief may be granted, as barred by the statute of limitations, and under the doctrine of res judicata [Doc. # 14].

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 That action was filed on December 20, 1999, against 21 defendants, including the three defendants in this action. In that complaint, plaintiff describes the nature of the case as including, inter alia, violations of her civil rights and liberties by the New London Police Department, harassment, intimidation, and coercion by the police, libelous and slanderous statements that she was mentally ill, threatened arrests, wrongful search and seizure, failure to allow her to file a complaint against defendants Law, Butler, and others, and false incarceration. (Kamba Compl. at 9-12.) Judge Thompson issued an order directing plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction, since the only asserted basis for jurisdiction was diversity of the parties, pursuant to 28 U.S.C. § 1332, yet there was not complete diversity among the parties, since both plaintiff and many of the defendants were citizens of Connecticut. Thereafter plaintiff moved to dismiss the Connecticut defendants, including the three defendants in this case (Kamba action, Doc. # 130). In a statement filed in support of her motion to dismiss (Kamba action, Doc. # 131), plaintiff acknowledged that a number of her claims were barred by the statute of limitations and that she only had a "mere chance to show cause" as to her federal § 1983 claim. She stated:

> As to dismissing the defendants from Connecticut, the only form [sic] to show cause would be the U.S. Statue [sic] of 1983 - color of the law - where the defendants acted under color of law to deprive me of my rights in violation of U.S. 1983 Statue [sic]. I still dismissed as this is only a mere chance to show cause. However, I am filing a new civil action in Superior Court in Norwich, CT against some of the defendants that I dismissed. In dismissing these defendants, much of the statue [sic] of limitations have passed. Yet, in being sent to Connecticut Valley

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 22800                                    Page 5 of 15

Case 3:03-cv-00929-AWT    Document 24-2    Filed 10/17/2003    Page 4 of 12

Hospital (CVH) has not passed and is still within the limits dating from July 1999.
The list of police will be cut down to Dittman and Gavitt who libeled me publicly
that I was mentally ill and was going to put me in a mental institution . . . .
However, the statue [sic] has passed on the false arrest of me. . . . And, there are
NO statue [sic] of limitations on continued harassment by the local police. . . .


(Kamba action, Doc. # 131.) We do not know whether a state-court action was ever filed.


- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[*3]**

I. Plaintiff's Amended Complaint

Plaintiff responded to defendants' motion to dismiss with a memorandum, a submission of
evidence to prove police harassment, and an objection, in which she also seeks to amend her
complaint. Defendants object to this purported amended complaint because plaintiff did not
first obtain leave of court or the written consent of the defendants.

As defendants correctly point out, *HN1*once a responsive pleading has been filed, a party may
amend a pleading only with leave of court or with the written consent of the opposing party.
Rule 15(a), Fed. R. Civ. P. However, defendants have not yet filed a responsive pleading. See
Barbara v. New York Stock Exchange, Inc., 99 F.3d 49, 56 (2d Cir. 1996)(holding that *HN2*a
Rule 12(b) motion to dismiss is not a responsive pleading). Therefore, under Rule 15(a),
plaintiff is entitled as a matter of right to file an amended complaint without leave of court or
the consent of the defendants.

Thus, we will consider defendants' motion to dismiss as addressed to the amended complaint
rather than the original complaint. Defendants are in no way prejudiced by this, since they
have addressed the amended **[*4]** complaint in their reply papers. Moreover, the amended
complaint was filed in response to their motion to dismiss and has omitted some of the
previously pled claims.

II. Standard of Review on a Motion to Dismiss

*HN3*Dismissal of a complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a
claim upon which relief may be granted is not warranted "unless it appears beyond doubt that
the plaintiff can prove no set of facts in suport of [her] claim which would entitle [her] to
relief." Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). The task of
the Court in ruling on a motion to dismiss is "merely to assess the legal feasibility of the
complaint, not to assay the weight of the evidence which might be offered in support thereof."
Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir.
1984)(internal citations and quotations omitted). The Court is required to accept as true all
factual allegations of the complaint and must draw all reasonable inferences in favor of the
plaintiff. Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.), cert. denied, 513 U.S. 836
(1994). **[*5]**

The Court notes that this standard is "applied with even greater force where the plaintiff
alleges civil rights violations or where the complaint is submitted pro se." Id. When
considering the sufficiency of the allegations in a pro se complaint, the Court applies "less
stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v.
Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972); see also Branham v.
Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). Furthermore, the Court should interpret the
plaintiff's complaint "to raise the strongest arguments [it] suggests." Burgos v. Hopkins, 14

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 22866    Page 6 of 13

Case 3:03-cv-00929-AWT    Document 24-2    Filed 10/17/2003    Page 5 of 12

F.3d 787, 790 (2d Cir. 1994).

III. Discussion

Defendants have challenged the sufficiency of the allegations of plaintiff's amended complaint on three grounds: as failing to state a legally sufficient cause of action, as time-barred by the three-year statute of limitations, Conn. Gen. Stat. § 52-577, applicable to civil rights claims under 42 U.S.C. § 1983 actions, and as barred by the doctrine of res judicata.

A. Failure to State a Claim

Plaintiff's complaint alleges violations [*6] of her constitutional rights by defendants under 42 U.S.C. § 1983. HN4☀In order for plaintiff to state a claim under § 1983, she must plead (1) a violation of a right protected by the Constitution or created by federal statute or regulation, (2) by a defendant acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988). Section 1983 does not create any substantive rights. It simply acts as an instrument for vindicating federal rights conferred elsewhere. Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 616, 60 L. Ed. 2d 508, 99 S. Ct. 1905 (1979). Thus, the first step in any § 1983 analysis is to pinpoint the specific constitutional right which was allegedly violated. Graham v. Connor, 490 U.S. 386, 394, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989). The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right. Id.

B. Statute of Limitations

With respect to defendants' statute-of-limitations argument, the law is well settled HN5☀that the three-year statute of limitations of Conn. Gen. Stat. § 52-577 n2 applies to § 1983 actions. Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994). [*7] Thus any claim based on an act or omission occurring more than three years before the instant complaint was filed will be barred.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n2 HN6☀Section 52-577, Conn. Gen. Stat., provides:

> No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

C. Res Judicata

HN7☀Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were, or could have been, raised in that action. See Allen v. McCurry, 449 U.S. 90, 94, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980); Marvel Characters, Inc. v. Simon, No. 02-7221,    F.3d    , 2002 U.S. App. LEXIS 23146, 2002 WL 31478878, at *6 (2d Cir. Nov. 7, 2002). "Res judicata assures the finality of judgments by precluding a party to a lawsuit from litigating a claim more than once." See Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 345 (2d Cir. 1995). Whether a claim that was not raised in the previous action could have been [*8] raised therein "depends in part on whether the same transaction or connected series of transactions is at issue, whether the

same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." <u>Woods v. Dunlop Tire Corp., 972 F.2d 36, 38 (2d Cir. 1992)</u>(internal citations and quotations omitted), cert. denied, <u>506 U.S. 1053 (1993).</u>

*HN8*"A stipulation dismissing an action with prejudice can have the preclusive effect of res judicata." <u>Samuels v. Northern Telecom, Inc., 942 F.2d 834, 836 (2d Cir. 1991).</u> Likewise, "[a] dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action." <u>Nemaizer v. Baker, 793 F.2d 58, 60 (2d Cir. 1986).</u> Plaintiff's prior complaint against these defendants was dismissed with prejudice. Thus, to the extent that the claims in this action were asserted or could have been asserted in her prior action against these defendants, they are barred.

D. Plaintiff's Claims

Interpreting plaintiff's complaint in the most liberal **[*9]** fashion, the Court has identified the following claims against defendants City Manager Brown, Deputy Police Chief Gavitt, and/or Captain Dittman:

> 1. The police did nothing to deter Law and Butler n3 from their continued harassment, stalking and threats to her, her witnesses, her employer, and calling various governmental agencies about her from September 1997 to April 2001 (Am. Compl. 6 10);
>
> 2. The defendants have refused to allow her to file a "real" or "factual" complaint against Law and Butler (Am. Compl. 66 10, 11, 23);
>
> 3. The police refused to act on her complaint because they felt that she was mentally ill (Am. Compl. 66 12, 14);
>
> 4. When plaintiff complained to defendant City Manager Brown, he covered up for the police and failed to investigate her complaints of harassment by the police (Am. Compl. 6 16);
>
> 5. Plaintiff's false arrest by a police officer on June 22, 1998 (Am. Compl. 66 17, 19, 22);
>
> 6. Stalking and harassment of plaintiff by defendants as a result of her filing the prior lawsuit against them, which harassment continued up to September, 2002 (Am. Compl. 66 17, 18, 21);
>
> 7. Failing to arrest Law and Butler for filing a false complaint **[*10]** against plaintiff (Am. Compl. 6 17);
>
> 8. Trespassing by the police on private property as part of their retaliation against her (Am. Compl. 66 17, 20);
>
> 9. Defamation of character (Am. Compl. 6 17);
>
> 10. The incompetency of the police department (Am. Compl. 66 23, 26); and
>
> 11. Intentional infliction of emotional distress (Am. Comp. 6 34.)

We will now review defendants' motion to dismiss as it pertains to each of these claims.

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 22000    Page 6 of 15

Case 3:03-cv-00929-AWT    Document 24-2    Filed 10/17/2003    Page 7 of 12

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 Law and Butler were two of the defendants in the Kamba action, as well as in another, earlier federal lawsuit before this Judge, <u>Marczeski v. Law, et al., 122 F. Supp. 2d 315</u> (D. Conn.).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

> 1. The Police Defendants' Refusal to Stop the Harassment, Stalking and Threats by Law and Butler

This claim is based in large part on the same facts that were raised in the earlier Kamba suit against these same defendants (see Kamba Compl. 6 10). To that extent, this claim is dismissed based on the doctrine of res judicata.

To the extent **[*11]** that plaintiff alleges any instances of stalking and harassment by Law and Butler that occurred after the Kamba action was filed, which these defendants did not stop or prevent, that part of the claim is dismissed for failure to state a claim upon which relief may be granted. The facts alleged in the complaint cannot be reasonably interpreted as establishing any constitutional violation. These *HN9*defendants did not have an affirmative constitutional duty to stop the alleged harassment of plaintiff by third parties and plaintiff did not enjoy a constitutional right to have the harassment stopped. See <u>Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988)</u>(victims have no constitutional right to have defendants criminally prosecuted); <u>Slagel v. Shell Oil Refinery, 811 F. Supp. 378, 382 (C.D. Ill. 1993)</u> (police officer had no constitutional duty to conduct investigation of plaintiff's assault charges), aff'd, <u>23 F.3d 410</u> (7th Cir.), cert. denied, <u>513 U.S. 1031 (1994).</u> Thus, there has been no violation of a constitutional right on which to base plaintiff's § 1983 claim.

> 2. Defendants' Refusal to Allow Plaintiff **[*12]** to File a "Real" Complaint Against Law and Butler

This is the same claim that was asserted in the Kamba complaint (Kamba Compl. 66 9, 13), except to the extent that it includes City Manager Brown's failure to respond to a January 16, 2002 letter, in which plaintiff threatened to sue him if he did not arrest Law and Butler. Defendant Brown's failure to respond to plaintiff's threats does not give rise to a cognizable cause of action and is dismissed for failure to state a claim upon which relief may be granted. See <u>Sattler, supra.</u> The remaining claims relating to defendants' refusal to allow plaintiff to file a "real" complaint against Law and Butler are barred by the doctrine of res judicata and are dismissed for failure to state a claim upon which relief may be granted. See Section 1, supra.

> 3. The Police Defendants' Refusal to Act on Plaintiff's Complaint Because They Regarded Her as Mentally Ill

In the Kamba complaint, plaintiff complains about defendant Dittman's statements to third parties that she was mentally ill (Kamba Compl. at 6 3 & p. 17), and their failure to take action on her complaints against Law and **[*13]** Butler because they regarded her as

mentally ill (see section 2, supra). These are the same claims made in the instant case and, therefore, this claim will be dismissed as barred by the doctrine of res judicata. Additionally, for the reasons set forth above, plaintiff's complaint that defendants refused to act on her complaints is dismissed for failure to state a violation of a constitutional right upon which plaintiff could base her § 1983 claim. See Section 1, supra.

### 4. Defendant Brown's Failure to Investigate Plaintiff's Complaints of Police Harassment

Plaintiff's next claim is that City Manager Brown failed to investigate her complaints of harassment by the police and covered up for their wrongful activities. This claim was also alleged in the Kamba lawsuit (see Kamba Compl. at 18-19), in which plaintiff complains that, when she filed her citizen's complaint with Brown regarding the harassment she had received from Dittman and another officer, Brown assigned the matter to Dittman's good friend, Gavitt. She alleges that the investigation was complete and that it exonerated Dittman and the other officer. No further claims are asserted **[*14]** in the instant lawsuit. Therefore, this claim is dismissed as barred by the doctrine of res judicata. It is also dismissed for failure to state a claim upon which relief may be granted for the reasons discussed above.

5. False Arrest on June 22, 1998

In the present lawsuit, plaintiff alleges that she was falsely arrested in 1998. This is precisely the same claim raised in the Kamba lawsuit (see Kamba Compl. 66 11, 25), and is, therefore, dismissed on res judicata grounds. Additionally, this claim is barred by the three-year statute of limitations, as plaintiff conceded in her statement filed in support of her motion to dismiss in the Kamba action. (See Note 1, supra, Pl.'s Statement, Kamba action, Doc. # 131 at 2.)

### 6. Defendants' Stalking and Harassment of Plaintiff in Retaliation for Filing the Prior Lawsuit

This retaliation claim relates only to defendants Gavitt and Dittman. Although plaintiff's prior complaint against these defendants alleged harassment and stalking (see Kamba Compl. 66 12, 15, 19), it did not allege retaliation against her for filing a lawsuit against these defendants. Thus, this claim is not **[*15]** barred on grounds of res judicata. It is also not barred by the statute of limitations, since the alleged acts of retaliation took place after the Kamba action was filed on December 29, 1999, which is less than three years prior to the filing of the instant complaint.

A more difficult issue is whether plaintiff has stated a legally cognizable claim under § 1983. HN10 "The right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." Bill Johnson's Rests., Inc. v. NLRB, 461 U.S. 731, 741, 76 L. Ed. 2d 277, 103 S. Ct. 2161 (1983); see also California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510, 30 L. Ed. 2d 642, 92 S. Ct. 609 (1972). As such, this right "cannot be impaired, either directly . . . or indirectly, by threatening or harassing an [individual] in retaliation for filing [a] lawsuit[]. . . ." Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1428 (8th Cir. 1986)(internal citations and quotations omitted). The courts have made it clear that a state actor may not take retaliatory action against an individual that is designed or intended to punish him or her for having exercised his constitutional **[*16]** right to seek judicial relief. Id. In cases involving the right of access to the court, a plaintiff must demonstrate that the defendant caused an "actual injury." Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997), cert. denied, 525 U.S. 823 (1998). In a

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 22866

Page 10 of 15

retaliation case, however, the critical issue is the defendant's motive. Retaliation for exercising a constitutional right is, in itself, a violation of constitutional rights. "If simple vindictiveness against the plaintiff on account of [her] . . . lawsuit was the defendants' true motive, a First Amendment violation would be established." Adler v. Pataki, 185 F.3d 35, 45 (2d Cir. 1999); see also Glenview Construction, Inc. v. Bucci, 165 F. Supp. 2d 545, 552 (S.D.N.Y. 2001). "An act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." Bloch v. Ribar, 156 F.3d 673, 681 (6th Cir. 1998)(internal citations and quotations omitted).

We examine plaintiff's amended complaint within this legal framework. In support of her [*17] retaliation claim, plaintiff alleges that:

> It is common knowledge that anytime anyone who files a civil action against any police dept., the plaintiff can expect retaliation and harassment by the police in order to discourage filing the complaint. Most plaintiff's [sic] leave town to rid themselves of the continued harassment by police officers. On a public survey, 10 out of 10 state that if they filed a civil action against the police, they know that the police would harass them.

(Am. Compl. 6 18.) This alleged "common knowledge" of harassment does not state a claim for violation of plaintiff's constitutional rights by these defendants.

Plaintiff further alleges that throughout the Kamba action, the defendants continued to harass her by following her down the street and trespassing on the property where she lives to get information off of her truck. (Id. at 6 20.) She also alleges that the "harassment by the defendants came out of retaliation of filing the civil action against them and the harassment has continued up to Sept [sic] 2002." (Id. at 6 21.) She also states that an Officer Sloan, not a defendant in this case, came to her apartment and told [*18] her that her music was too loud and threatened her with a citation if she played the music again. She alleges that he told her that the "entire police department had some memo on [her] with [her] mug shot, that [she] was mentally ill and to arrest [her] on anything to squash any law suits." (Am. Compl. 6 25.) n4

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n4 She further alleges that another officer, Officer Song, also not a party to this case, came to her house apparently in response to her complaint that another tenant was allowing her dog to urinate on plaintiff's deck and that the tenant had dropped an ashtray of cigarettes on her deck. She states that Officer Song was confused and went to the wrong apartment and then to management and "by the time the story got there, my friend (who does not own a dog) had her dog urinating on my air conditioner which no animal or human could reach without a ladder." (Am. Compl. 6 26.)

It is unclear how these allegations support her claims of retaliation by the named defendants, except to the extent that plaintiff seems to believe that this incident and the alleged incompetence of the police department constitute harassment or retaliation against her. (See Am. Compl. 6 26.) In either event, these allegations about Officer Song do not support her claims of retaliation asserted against defendants Gavitt and Dittman.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*19]

We find that plaintiff has sufficiently alleged a claim of First Amendment retaliation to survive defendants' motion to dismiss. She has alleged that she filed a federal lawsuit against these defendants and thereafter they harassed her by following her down the street, by trespassing on private property to get information off of her truck, and by repeatedly parking behind her truck in retaliation for her filing the lawsuit against them. This is sufficient to state a claim for retaliation under § 1983. See Bristow v. Clevenger, 29 Fed. Appx. 813, 814 (3d Cir. 2002) (reversing HN11⚓the district court's dismissal of a First Amendment retaliation claim where the pro se plaintiff alleged that the township police officer had been stalking her and otherwise harassing her in retaliation for her successfully suing him in an earlier civil rights action); Thomas v. City of Chicago, 155 F. Supp. 2d 820, 822 (N.D. Ill. 2001)(holding that plaintiff had alleged a claim for retaliation under the First Amendment where he alleged that the City had issued a parking ticket in retaliation for his lawsuit against the City).

   7. Defendants' Failing to Arrest **[*20]** Law and Butler and Filing a False Complaint Against Plaintiff

These are the same claims discussed in sections 2,3, and 5, and will be dismissed for the same reasons.

8. Trespassing by the Police on Private Property This claim is encompassed in section 6, discussed above, and will not be dismissed to the extent that it is part of plaintiff's retaliation claim. In all other respects, it is dismissed for failure to state a claim. See Hickombottom v. City of Chicago, 739 F. Supp. 1173, 1179 (N.D. Ill. 1990)(police HN12⚓surveillance of plaintiff's apartment did not violate the Fourth Amendment in that plaintiff had no reasonable expectation of privacy as to his comings and goings); Phillips v. City of San Jose, No. C-94-20468, 1994 WL 706213, at *4 (N.D. Cal. Dec. 13, 1994)(allegations HN13⚓that the police officers followed and observed plaintiff in public areas were not sufficiently egregious to constitute a due process violation under the Fourteenth Amendment).

9. Defamation of Character

Plaintiff states in paragraph 17 of her amended complaint that she is alleging a claim for defamation of character but there are no facts alleged **[*21]** to support this claim. Indeed, the Court is unable to discern against which defendants this claim is asserted. Therefore, this claim is dismissed for failure to state a claim upon which relief may be granted.

10. The Incompetence of the Police Department

Plaintiff's complaints about the incompetence of the police department do not state a cognizable constitutional claim against any of the named defendants and, therefore, are dismissed. See Section 1, supra.

11. Intentional Infliction of Emotional Distress

Plaintiff also asserted a claim for intentional infliction of emotional distress in the Kamba lawsuit. However, since this case involves some claims that post-date Kamba, we cannot hold that all aspects of plaintiff's intentional infliction of emotional distress claim are barred by the doctrine of res judicata.

The HN14⚓Connecticut Supreme Court has set forth the necessary elements of a claim for intentional infliction of emotional distress:

   In order for the plaintiff to prevail in a case for liability under . . . intentional

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 22806    Page 12 of 13

Case 3:03-cv-00929-AWT    Document 24-2    Filed 10/17/2003    Page 11 of 12

infliction of emotional distress, four elements must be established. It must be shown: (1) that the actor intended [*22] to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.

Appleton v. Board of Educ. of Town of Stonington, 254 Conn. 205, 210, 757 A.2d 1059 (2000)(internal quotation marks and citations omitted). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 711, 746 A.2d 184, cert. denied, 252 Conn. 954 (2000).

Considering only that conduct of defendants occurring after the Kamba complaint was filed, plaintiff has alleged that the police defendants failed to stop Law and Butler from harassing her (Am. Compl. 6 10); defendants failed to respond to her request to file a complaint against Law and Butler (Am. Compl. 6 10); police cars have followed her and [*23] parked behind her truck (Am. Compl. 6 20); defendant Brown failed to respond to a letter from plaintiff threatening him with a lawsuit if he did not arrest Law and Butler (Am. Compl. 6 23). These allegations, which we assume to be true for purposes of ruling on this motion to dismiss, do not rise to the level of extreme and outrageous conduct that would support a claim for intentional infliction of emotional distress. Therefore, that claim is dismissed for failure to state a claim upon which relief may be granted.

IV. Conclusion

For the reasons set forth above, all of plaintiff's claims against Defendant Brown are dismissed. Likewise, all of her claims against Defendants Gavitt and Dittman are dismissed except for her claim against them for retaliating against her for exercising her right to petition the court for redress. Accordingly, Defendants' Motion to Dismiss [Doc. # 14] is GRANTED as to Defendant Brown, and is GRANTED IN PART AND DENIED IN PART as to Defendants Gavitt and Dittman.

SO ORDERED.

Date: November 21, 2002.

Waterbury, Connecticut.

/s/

GERARD L. GOETTEL,

United States District Judge

Service: Get by LEXSEE®
Citation: 2002 U.S. Dist. LEXIS 22806
View: Full
Date/Time: Thursday, October 16, 2003 - 5:24 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated

Case 3:03-cv-00929-AWT    Document 24-2    Filed 10/17/2003    Page 12 of 12

- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

\* Click on any *Shepard's* signal to *Shepardize*® that case.

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.