FILED

2003 OCT 23 P 12: 07

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICHOLAS SICINOLFI and
THE NICHOLAS-JAMES COMPANY       :
    Plaintiffs,                  :
                                 :
v.                               :
                                 :    CIVIL ACTION NO.:
TOWN OF TRUMBULL                 :    303 CV 929 (AWT)
MARLIN LIVELY                    :
ANNE MOORE                       :
RICHARD BERNARD and              :
CHRISTOPHER PAOLETI,             :
    Defendants.                  :    OCTOBER 22, 2003

### DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM
### IN OPPOSITION TO MOTION TO DISMISS

The moving Defendants, Anne Moore, Marlin Lively, Richard Bernard and Christopher Paoleti, submit the following reply to address several issues raised by the Plaintiffs' Memorandum of Law and accompanying Amended Complaint. For the reasons set forth herein, the Defendants assert that their Motion to Dismiss dated August 28, 2003 still should be granted, notwithstanding the Plaintiffs' arguments and Amended Complaint.[1]

---

[1] The fact that this Reply does not reiterate each and every one of the points made in Defendants' Motion to Dismiss should not be taken as an implication that those points which are not repeated here have been rendered moot by the Plaintiffs' Amended Complaint. In fact, the Court now has in its possession the Motion to Dismiss and both versions of the Complaint. The Court may determine whether the Amended Complaint suffers the same deficiencies, which the Defendants noted in the original Complaint. Therefore, further argument on the part of the Defendants as to these points is unnecessary.

I.  **COUNT ONE – Motion to Dismiss Should be Granted Because Plaintiffs' Objection Contains No Reasoned Argument to Oppose the Defendants' Motion**

In the Motion to Dismiss, the Defendants established the fact that a common law tort claim of false arrest would not be sufficient to state a constitutional claim. The Defendants listed the particulars absent from the allegations made in support of Count One: probable cause, arrest warrant, "unreasonable." These allegations are absent still from the Plaintiffs' Amended Complaint. The Plaintiffs have chosen to refrain from modifying their allegations in Count One to state the alleged constitutional violation with greater particularity. Instead, they have responded as follows: "The motion should be denied as the claims against the remaining defendants in Count One because plaintiffs have adequately alleged a violation of the U.S. Constitution." (Plaintiffs' Memo., p.2). In the absence of any amendment to Count One in light of the Defendants' arguments, and in the absence of any reasoned argument in support of their assertion that the Plaintiffs have adequately alleged a violation of the Constitution, the Court should grant the Defendants' Motion to Dismiss as to Count One.

II.  **COUNT TWO – Motion to Dismiss Should be Granted as Cases Cited by Plaintiffs Demonstrate the Necessity that a Fourteenth Amendment Plaintiff be Member of Identifiable Group**

The Plaintiffs cited several cases in opposition to the Defendants' arguments as to Count Two: alleging that the Defendants violated their rights to equal protection of the laws pursuant to the Fourteenth Amendment. One of the arguments in Defendants' Motion to

Dismiss is that Count Two must fail, because the Plaintiffs are not members of a distinct and identifiable group. The Plaintiffs have countered by asserting that a Fourteenth Amendment violation may be asserted even in the absence of a showing that the plaintiffs are members of "a group distinguished by race, sex or some other protected characteristic." (Plaintiffs' Memo., p.9). In support of this assertion, the Plaintiffs cite to Romer v. Evans, 517 U.S. 620, 634-35 (1996). The Plaintiffs explain their citation to Romer parenthetically: "sustaining equal protection challenge to state constitutional amendment disadvantaging homosexuals." Rather than support the Plaintiffs' position, Romer v. Evans, supra, is a working example of the principle upon which the Defendants moved to dismiss Count Two. The state constitutional amendment at issue in Romer v. Evans was directed particularly at a distinct and identifiable class of persons: homosexuals. The fact that the amendment had the "peculiar property of imposing a broad and undifferentiated disability on a single named group," Romer v. Evans, supra, 517 U.S. 632, was one of its characteristics that created an equal protection violation.

The cases cited by the Plaintiffs do not contradict in any way those cited by the Defendants in the Motion to Dismiss. Neither have the Plaintiffs shown that they are members of a distinct class or identifiable group which has been singled out for discrimination. The Plaintiffs have not amended their Complaint to allege that they are African-Americans or homosexuals, opticians or pushcart vendors of a certain longevity; see id.; or even Republicans

or Democrats. Therefore, the Court should grant the Defendants' Motion to Dismiss Count Two.

### III. COUNT FOUR – Motion to Dismiss Should be Granted Because Amended Complaint Adds More Personal Attacks but Does not Rectify Deficiencies

The numerous allegations added in the Plaintiffs Amended Complaint do little more than demonstrate the fact that this Complaint is being used as a vehicle for the Plaintiffs to express their animosity towards the Defendants, particularly Anne Moore. The following are examples of the pattern of irrelevant and venomous allegations added in the body of the Plaintiffs Amended Complaint:

- "During the period relevant to this complaint defendant Moore's sons were repeatedly arrested and charged with crime by the Trumbull police." (First Amended Complaint, ¶ 18);

- "Defendant Moore sought a position on the Trumbull Board of Police Commissioners with the specific intention to attack her perceived enemies at the Trumbull police department, particularly Chief of Police James Ambrosini." (First Amended Complaint, ¶ 18);

- "During the period relevant to this complaint several Trumbull police officers made an municipal ethics complaint against defendant Moore, alleging, among other things, that she could not conduct the business of the Trumbull Board of Police Commissioners

while at the same time attacking the Trumbull police, and particular police officers, and accusing them of misconduct in matters involving her sons." (First Amended Complaint, ¶ 23);

- "During the time relevant to this complaint the Trumbull police investigated a crime committed by one of defendant Moore's sons. Defendant Lively took steps, including reassignment of the investigating officer, to impede that investigation." (First Amended Complaint, ¶ 28);

- "During the time relevant to this complaint a crime was committed during a meeting of the Trumbull Board of Police Commissioners at which defendants Moore and Lively were present. There was a fire alarm. The alarm prevented a vote which might have gone against defendants Lively and Moore. While the meeting room was empty, papers were stolen which belonged to a member of the Board. These crimes benefited the defendants." (First Amended Complaint, ¶ 29).

These allegations do not advance any of the claims made by the Plaintiffs. These allegations are mere personal attacks against Anne Moore and her family. These personal attacks, in the guise of an Amended Complaint responding to Defendants' Motion to Dismiss, serve no purpose but to harass the Defendants, and Anne Moore in particular, and should not be permitted. See generally Federal Rules of Civil Procedure, Rule 11 (b) (1).

## IV.    CONCLUSION

The Plaintiffs' First Amended Complaint does not cure the problems associated with the original Complaint, which the Defendants noted in their Motion to Dismiss. In fact, the Amended Complaint exacerbates those problems by adding personal attacks against Anne Moore and her family, when such attacks are irrelevant and immaterial to the present action. For the reasons set forth in this Reply and for those in the Motion to Dismiss, the Court should dismiss Counts One through Four of the Complaint.

DEFENDANTS,
MARLIN LIVELY, ANNE MOORE,
RICHARD BERNARD and
CHRISTOPHER PAOLETI

By: _____
Louis N. George, CT02192
Hassett & George, P.C.
555 Franklin Avenue
Hartford, Connecticut 06114
(860) 296-2111

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed this 22 day of October, 2003 to the following counsel and/or pro se parties of record:

William B. Barnes, Esq.
Rosenstein & Barnes
1100 Kings Highway East
Fairfield, CT  06825

Louis N. George, CT02192