UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICHOLAS SICINOLFI and
THE NICHOLAS-JAMES COMPANY
    Plaintiffs,

v.

TOWN OF TRUMBULL
MARLIN LIVELY
ANNE MOORE
RICHARD BERNARD and
CHRISTOPHER PAOLETI,
    Defendants.

CIVIL ACTION NO.:
303 CV 929 (AWT)

January 21, 2004

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR DEFAULT

The Defendants submit the following memorandum in support of their motion for default.

**I.    STATEMENT OF FACTS**

In accordance with Federal Rules of Civil Procedure Rules 33 and 34, the Defendants submitted Interrogatories and Requests for Production to Plaintiff Nicholas Sicinolfi. (Copies attached as Exhibits A and B). These discovery requests were received by the Plaintiffs on October 17, 2003. On November 10, 2003, the Plaintiffs requested an extension of time until Wednesday, December 10, 2003 to respond to the Defendants' discovery requests. The Court

granted that request on November 18, 2003. The Plaintiffs neither objected to nor provided answers to any of the interrogatories or any of the documents requested by the Defendants.

The Defendants certify that attorney Stuart E. Brown contacted attorney William B. Barnes, counsel for the Plaintiffs, on Friday January 9, 2004 to inquire as to the delay in responding to the Defendants' discovery requests. Attorney Barnes stated that he would attempt to contact his client and try to have responses submitted by the end of January. To date, the Defendants have not received any of the requested documents or information from the Plaintiff.

## II. LAW AND ARGUMENT

### A. Standard of Review

Federal Rules of Civil Procedure Rule 37 (d) provides: "If a party or an officer, director, or managing agent of a party or a person designated under Rule 30 (b) (6) or 31 (a) to testify on behalf of a party fails ... to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or ... to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this

2

subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

The imposition of sanctions pursuant to Rule 37 is within the broad discretion of the district court. Minotti v. Lensink, 895 F.2d 100, 102 (2d Cir. 1990). A district court has wide discretion in sanctioning a party for discovery abuses. See New York State NOW v. Terry, 886 F.2d 1339, 1354 (2d Cir. 1989), cert. denied, 495 U.S. 947, 110 S. Ct. 2206, 109 L. Ed. 2d 532 (1990). Dismissal with prejudice is a remedy that may be used where the court finds willfulness, bad faith, or fault by the party failing to cooperate with discovery. Valentine v. Museum of Modern Art, 29 F.3d 47, 49-50 (2d Cir. 1994).

**B.     The Imposition of Sanctions Against the Plaintiffs is Appropriate**

The Second Circuit Court of Appeals and numerous District Courts have spoken to the reasoning behind the potential imposition of sanctions set forth in Rule 37. "These sanctions serve a threefold purpose. Preclusionary orders ensure that a party will not be able to profit

from its own failure to comply…. Rule 37 Strictures are also specific deterrents and, like civil contempt, they seek to secure compliance with the particular order at hand…. Finally, although the most drastic sanctions may not be imposed as 'mere penalties,' … courts are free to consider the general deterrent effect their orders may have on the instant case and on other litigation, provided that the party on whom they are imposed is, in some sense, at fault." (Citations omitted.) Cine Forty-Second St. Theatre v. Allied Artists, 602 F.2d 1062, 1066 (2d Cir. 1979); see also Burnett v. Venturi, 903 F. Supp. 304, 308 (N.D.N.Y. 1995) (describing three reasons for imposition of sanctions under Rule 37).

The Plaintiffs have brought claims against these Defendants which attack their very integrity, at times going so far as to make unnecessary and unprofessional attacks upon the Defendants' family members; see Amended Complaint; for the sake of preventing the Defendants from disposing of a lawsuit which is wholly without merit. Now that the Defendants have requested the Plaintiffs to provide notice of the evidence the Plaintiffs would assert supports their allegations, the Defendants are provided with nothing but silence. The Defendants submitted Interrogatories and Requests for Production, which the Plaintiffs received on October 17, 2003. The Plaintiffs asked for and received an extension of time to respond. It is now past the time when the Defendants should be expected to remain patient.

The Defendants cannot know the true reasons for this delay, whether it be due to the fault of Plaintiffs' counsel; see, generally, Cine Forty-Second St. Theatre v. Allied Artists, supra, 602 F.2d 1067; or the fault of the Plaintiffs themselves. See, generally, Winn v. Associated Press, 903 F. Supp. 575, 581-82 (S.D.N.Y. 1995), aff'd, 104 F.3d 350 (2d Cir. 1996). The Defendant have attempted to discern whether they could reasonably expect to receive responses in the near future. After the Plaintiffs responses had become due, the undersigned contacted Plaintiffs' counsel who stated that he would attempt to contact his client in order to produce responses by the end of January. The Plaintiffs should have been contacted long before this time. Moreover, if the Plaintiffs have a valid reason for needing this additional time, they should have contacted the Defendants in an attempt to remedy any prejudice that might be incurred by this delay. In the absence of such consideration by the Plaintiffs, there is no justification for allowing the continuation of the present action.

"The sanction of judgment by default for failure to comply with discovery orders is the most severe sanction which the court may apply, and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited. However, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice, the application of even so stringent a sanction is fully justified and should not be disturbed." Trans World Airlines, Inc. v. Hughes, 332 F.2d 602,

614 (2d Cir. 1964) (dismissing counterclaims with prejudice in light of claimant's intransigence in discovery). "Furthermore, [i]f parties are allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules...." (Internal quotation marks omitted.) Cine Forty-Second St. Theatre v. Allied Artists, supra, 602 F.2d 1068.

In the present case, it is appropriate that the Court determine that the Plaintiffs have had their opportunity to plague the Defendants with unfounded and unjust allegations of wrongdoing, but that this opportunity should now be at an end. The Plaintiffs have failed to provide the information and the documentation which would support their claims of mistreatment at the hands of the Defendants. The Defendants therefore request that the Court enter a default against the Plaintiffs, an Order providing that Nicholas Sicinolfi be precluded from giving testimony, whether by affidavit or in person, directed to the topics addressed in the Defendants' discovery requests, and an Order requiring the Plaintiffs to pay the reasonable attorneys fees incurred in presenting this motion.

### III.  CONCLUSION

As the Plaintiffs have failed to respond to Defendants' interrogatories and requests for production, the Defendants respectfully request that the Court grant their motion for default, sanctions, and the costs of the present motion.

DEFENDANTS,<br>
MARLIN LIVELY, ANNE MOORE,<br>
RICHARD BERNARD and<br>
CHRISTOPHER PAOLETI

By: _____
Stuart E. Brown (ct 24659)
Hassett & George, P.C.
555 Franklin Avenue
Hartford, Connecticut 06114
(860) 296-2111

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed this 21st day of January, 2004 to the following counsel and/or pro se parties of record:

William B. Barnes, Esq.
Rosenstein & Barnes
1100 Kings Highway East
Fairfield, CT  06825

*[signature]*
Stuart E. Brown