UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
NICHOLAS SICINOLFI,
a/k/a NICK SICINOLFI,
a/k/a NICHOLAS SARNO,
a/k/a NICK SARNO; and
THE NICHOLAS-JAMES
COMPANY, LLC,

    Plaintiffs,

v.                              Civil No. 3:03CV00929(AWT)

TOWN OF TRUMBULL;
MARLIN LIVELY, in his
individual capacity only;
ANNE MOORE, in her individual
capacity only; RICHARD
BERNARD, in his individual
capacity only; and
CHRISTOPHER PAOLETTI, in his
individual capacity only,

    Defendants.
------------------------------x

## RULING ON MOTION TO DISMISS

Plaintiffs Nicholas Sicinolfi and the Nicholas-James Company, LLC bring this action against the Town of Trumbull ("Trumbull"), Marlin Lively, who was Trumbull's Acting Chief of Police at the times relevant to the plaintiffs' claims, Anne Moore, a member of the Trumbull Board of Police Commissioners, Richard Bernard, a Sergeant in the Trumbull Police Department, and Christopher Paoletti, also a Sergeant for the Trumbull Police Department. Lively, Moore, Bernard and Paoletti are sued in

their individual capacities only. The plaintiffs bring claims against the individual defendants pursuant to 42 U.S.C. § 1983 for violation of Fourth Amendment rights (Count One), for violation of the right to equal protection of the laws (Count Two), and for violation of First Amendment rights (Count Three), and also pursuant to 42 U.S.C. § 1985(3)(Count Four). In addition, the plaintiffs assert a claim against Trumbull (Count Five). The individual defendants have moved to dismiss Counts One, Two and Four, and defendant Moore has moved to dismiss Count Three.

For the reasons set forth below, the defendants' motion to dismiss is being granted in part and denied in part.

I.   FACTUAL BACKGROUND

The plaintiffs' factual allegations, as set forth in the Amended Complaint, are taken as true for purposes of this motion and inferences are drawn in the light most favorable to the plaintiffs. The Amended Complaint was filed after the defendants filed their motion to dismiss, but prior to the filing by them of their reply brief.

Nicholas Sicinolfi is a long-time Trumbull resident. He is also an employee and part owner of the Nicholas-James Company, LLC, a Connecticut limited liability company. James DeSanty is a veteran detective sergeant for the Trumbull Police Department. He is also an employee and part owner of the Nicholas-James

Company. The Nicholas-James Company provides children with protection during supervised visitations in domestic cases. In connection with his work as a visitation supervisor, Sicinolfi carries a pistol. He applied for, and the Trumbull Police Department issued, a permit allowing him to carry such a weapon.

Sicinolfi and DeSanty were friendly with various Trumbull police officers, including Lieutenant Thomas Kiely, Detective Michael Harry, Chief of Detectives Kevin Hammel, Deputy Chief Joseph Edwards, Chief of Police James Ambrosini and Detective Richard Cifatte; the individual defendants were hostile to and enemies of these other police officers. These other police officers strongly opposed the individual defendants in all matters concerning the Trumbull Police Department and Trumbull politics in general. Sicinolfi, DeSanty and these other police officers with whom they associated vocally criticized the actions and policies of the police department and the Trumbull Board of Police Commissioners. In particular, they privately and publicly criticized the improper promotions of defendants Lively and Paoletti, the policies established by defendants Moore and Lively for the Trumbull Police Department, and the misconduct and questionable ethics of the defendants.

Sicinolfi, DeSanty and the others were especially critical of defendant Moore. Moore was a member of the Trumbull Board of

Police Commissioners, which sets department policy and gives direction to both the Chief of Police and the police department.

Certain Trumbull police officers filed a municipal ethics complaint against defendant Moore alleging, <u>inter alia</u>, that she had a conflict of interest, namely that for personal reasons she had feelings of ill-will toward particular Trumbull police officers. Defendant Moore's sons had been arrested repeatedly by Trumbull police, and she had vocally criticized the police department for this. She claimed that certain Trumbull police officers had animus toward her and her family. Defendant Moore sought a position on the Trumbull Board of Police Commissioners to attack her perceived enemies.

The filing of the ethics complaint created great animosity between the defendants and the Trumbull police officers who were friendly with plaintiff Sicinolfi and DeSanty. Defendants Lively, Bernard and Paoletti had strong loyalties to defendant Moore. Because of the ill-will that the defendants held towards these other officers, these other officers were denied reasonable requests, received unjust discipline, and were given unpopular assignments. The defendants viewed these officers as a disliked and disfavored group. Because the plaintiffs associated with the disfavored group, they too were disliked, disfavored and harassed.

Specifically, the defendants harassed the plaintiffs by repeatedly sending Trumbull police cruisers to Sicinolf's home without just cause. Trumbull police officers questioned Sicinolfi's aunt, who resides with him, on the pretext that they were going to arrest him for driving an unregistered motor vehicle. The defendants knew that Sicinolfi was not driving, and had never driven, an unregistered motor vehicle. Defendant Bernard, without cause, interdicted, detained and, in a hostile and offensive manner, questioned one of the plaintiffs' clients at length about the plaintiffs. Defendant Lively threatened to revoke, and ultimately unlawfully and arbitrarily seized, Sicinolfi's pistol permit. Finally, defendants Lively, Paoletti and Bernard unlawfully detained and arrested Sicinolfi in front of one of his clients.

Defendant Moore, acting in her capacity as a member of the Trumbull Board of Police Commissioners, directly participated in some or all of the alleged wrongful acts by ordering or encouraging the other defendants to perform those acts, by learning of the wrongful acts after the fact but failing to use her authority and position to remedy the effects of those acts, by creating a policy or custom that allowed the wrongful acts to occur and to continue, and by managing the defendants who performed the wrongful acts in a grossly negligent manner.

II. **LEGAL STANDARD**

When deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). "This standard is applied with even greater force where the plaintiff alleges civil rights violations . . . ." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727

F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

III. **DISCUSSION**

    1.   **Count One: § 1983 Unreasonable Seizure Claim**

The defendants argue that the plaintiffs have merely alleged a claim for the common law tort of false arrest and thus have failed to allege a constitutional violation pursuant to 42 U.S.C § 1983. They emphasize that Count One "does not assert that the detention of Sicinolfi was done without probable cause or without a valid warrant . . . [and] does not even allege that Sicinolfi's arrest was an 'unreasonable' one . . . ." (Defs.' Mem. (Doc. #20) at 6.)

The plaintiffs allege that defendants Lively, Paoletti and Bernard "used their authority to wrongfully detain and falsely arrest plaintiff Sicinolfi at the Trumbull Police Station." (Am. Compl. ¶ 31d.) They also allege that such conduct violated, inter alia, Sicinolfi's rights under the Fourth and Fourteenth Amendments and that redress is sought under 42 U.S.C. § 1983. (Am. Compl. ¶¶ 42 and 44.)

"The Fourth Amendment, of course, does not by its terms proscribe false arrests; it proscribes 'unreasonable' seizures." Posr v. Doherty, 944 F.2d 91, 97 (2d Cir. 1991). "[E]ither an arrest or a detention supportable by less than probable cause may be actionable under § 1983, provided the 'seizure' in question is

7

'unreasonable.'" Id. at 98. While a state law tort does not always rise to the level of a constitutional violation, the "tort of false arrest supports a claim . . . under section 1983 because it violates the Fourth Amendment." Cook v. Sheldon, 41 F.3d 73, 77 (2d Cir. 1994)(referring to New York law).

The court does not recommend the approach to pleading reflected by the Amended Complaint. However, the allegations there make it clear that Sicinolfi's contention is that he was detained wrongfully and that his arrest was a false one, and that in each instance his Fourth Amendment rights were violated by Lively, Paoletti and Bernard. The only reasonable inference is that in each instance he is claiming that there was no probable cause for the defendants' action and that the seizure was unreasonable. Thus, Sicinolfi has adequately plead section 1983 claims based on the alleged detention and the alleged arrest, and the motion to dismiss Count One is being denied as to Lively, Paoletti and Bernard.

The Amended Complaint does not adequately allege involvement by Moore in the alleged arrest or detention. The general and conclusory allegations set forth by the plaintiffs, such as the allegation that Moore "participated in some or all of these wrongful acts by managing the other defendants," are inadequate. (Am. Compl. ¶ 40.) The motion to dismiss Count One is being granted as to Moore.

The court notes that the Amended Complaint refers to the "plaintiffs" rights. However, the only plaintiff stating a claim in Count One is Sicinolfi. Also, Count One makes reference to rights to due process, but any claim for violation of due process rights has not been adequately pled.

### 2. Count Two: § 1983 Equal Protection Claim

Defendants Lively, Bernard and Paoletti argue that the plaintiffs have failed to allege membership in a distinct and identifiable group as required under the Fourteenth Amendment. Typically, equal protection claims involve discrimination against people based on their membership in a vulnerable class, but the Supreme Court has recognized an equal protection claim by individuals who alleged no specific class membership but did allege that they had been subjected to invidious discrimination by government officials. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)(holding plaintiffs sufficiently pled an equal protection claim by alleging defendants intentionally and arbitrarily demanded a 33-foot easement from them but only required a 15-foot easement from other similarly situated property owners). To state a "class of one" claim, a plaintiff must allege that he or she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id.

The complaint need not specifically allege an irrational basis for the government action. "[T]he allegation of an impermissible motive and of animus is sufficient to establish an equal protection issue." DeMuria v. Hawkes, 328 F.3d 704, 707 (2d Cir. 2003)(citing Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 500 (2d Cir. 2001)(holding that pursuant to Olech, a plaintiff must allege *either* no rational basis *or* animus)). A plaintiff is not required to identify in the complaint specific instances where similarly situated individuals have been treated differently. See id.

Here, the plaintiffs have sufficiently alleged such a claim only with respect to one action taken by Lively against Sicinolfi. The Amended Complaint alleges that Lively seized Sicinolfi's pistol permit "under color of his authority, and revoked the same, without lawful cause and [in] an arbitrary and improper manner, solely to damage plaintiffs' reputation and interfere with their business." (Am. Compl. ¶ 31e.) Therefore, the motion to dismiss Count Two is being denied as to Lively, and granted as to Moore, Bernard and Paoletti.

3. **Count Three: § 1983 First Amendment Claim**

Defendant Moore argues only that Count Three should be dismissed as to her because the plaintiffs fail to allege that she took any actions designed to interfere with the plaintiffs' constitutional rights. To meet minimum pleading standards to

state a claim pursuant to 42 U.S.C. § 1983, the complaint must specifically allege personal involvement by all of the named defendants. See Williams v. Smith, 781 F.2d 319, 323-24 (2d. Cir. 1986). A supervisory official may be personally involved in a constitutional deprivation within the meaning of 42 U.S.C. § 1983 by doing any of the following: (1) participating directly in the constitutional violation; (2) failing to remedy the wrong after learning of the violation; (3) creating a policy or custom under which unconstitutional practices occurred; (4) allowing such a policy or custom to continue; or (5) managing subordinates who caused the unlawful condition or event in a grossly negligent fashion. See id.

The Amended Complaint includes allegations that, under color of law and in her capacity as a member of the Trumbull Board of Police Commissioners, defendant Moore directly participated in some or all of the wrongful acts by ordering or encouraging the other defendants to perform such acts; by learning of the wrongful acts after the fact and failing to use her authority and position to remedy the effects; by creating a policy or custom that allowed the wrongful acts to occur and to continue; and by managing the defendants who performed the wrongful acts in a grossly negligent manner. Accordingly, defendant Moore's motion to dismiss Count Three is being denied.

4.  <u>Count Four: § 1985(3) Conspiracy Claim</u>

Defendants Lively, Moore, Bernard and Paoletti argue that Count Four should be dismissed because it fails to allege membership in a protected class and also because it fails to allege that the defendants acted with class-based, invidiously discriminatory animus. To state a § 1985(3) conspiracy claim, the plaintiff must "allege that he was a member of a protected class, that the defendants conspired to deprive him of his constitutional rights, that the defendants acted with class-based, invidiously discriminatory animus, and that he suffered damages as a result of the defendants' actions." <u>Gleason v. McBride</u>, 869 F.2d 688, 694 (2d Cir. 1989).

The plaintiffs have alleged that government officials discriminated against them because they and those they associated with vocally criticized and were opposed to the defendants' political and philosophical views, policies and activities. That is not sufficient to allege membership in a protected class. <u>See Gleason</u>, 869 F.2d at 695 ("As the Fourth Circuit has held, 'those who are in political and philosophical opposition to [the defendants], and who are, in addition, outspoken in their criticism of the [defendants'] political and governmental attitudes and activities' do not constitute a cognizable class under section 1985. <u>Rodgers v. Tolson</u>, 582 F.2d 315, 317 (4th

Cir. 1978).").  Accordingly, Count Four is being dismissed as to all defendants.

IV. **CONCLUSION**

For the reasons set forth above, the defendants' Motion to Dismiss (Doc. #19) is hereby GRANTED in part and DENIED in part. Count One is dismissed as to defendant Moore, Count Two is dismissed as to defendants Moore, Bernard and Paoletti, and Count Four is dismissed as to all defendants.

It is so ordered.

Dated this 12th day of February, 2004, at Hartford, Connecticut.

```
                              _____
                                    Alvin W. Thompson
                              United States District Judge
```