UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICHOLAS SICINOLFI AND          :
THE NICHOLAS-JAMES COMPANY,     :
                                :
    Plaintiffs,                 :
                                :
    v.                          :        CASE NO. 3:03CV929(AWT)
                                :
TOWN OF TRUMBULL ET AL.,        :
                                :
    Defendants.                 :

RECOMMENDED RULING ON DEFENDANTS' MOTION FOR DEFAULT

In May 2003, the plaintiffs, Nicholas Sicinolfi and the Nicholas-James Company, commenced this action pursuant to 42 U.S.C. § 1983 against the defendants, the Town of Trumbull; Martin Lively, the Acting Chief of Police; Anne Moore, a member of the Board of Police Commissioners; and Richard Bernard and Christopher Paoletti, police sergeants.  Pending before the court is the defendants' second motion for default based on the plaintiffs' failure to comply with their discovery obligations.[1]  (Doc. #34.)  For the reasons set forth below, the court recommends that the motion be granted in part and denied in part.

I.  Procedural Background

On October 17, 2003, the defendants served interrogatories and requests for production on the plaintiffs.  The plaintiffs

---

[1] Because certain of the sanctions sought by the defendants under Federal Rule of Civil Procedure 37 are dispositive, the undersigned's ruling is in the form of a recommended ruling.  See 28 U.S.C. § 636(b)(1)(B); Zises v. Dep't of Social Services, 112 F.R.D. 223, 226 (E.D.N.Y. 1986).

requested an extension of time until December 10, 2003 in which to respond to the discovery requests. (Doc. #28.) The court granted the request. The plaintiffs, however, did not serve responses. On January 23, 2004, the defendants filed a motion for default. (Doc. #29.) The plaintiffs did not file a memorandum in opposition to the motion.[2] "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to granted the motion . . . ." D.Conn.L.Civ.R. 7(a)(1). On March 9, 2004, the court granted the motion in part and denied it in part. (Doc. #33.) The court ordered that the plaintiffs provide discovery responses within ten (10) days of the filing of the court's order. The court denied the defendants' request for an order entering default and/or precluding the plaintiff Nicholas Sicinolfi's testimony. The court declined at that time to grant the attorneys' fees the defendants incurred in making the motion.

Despite the court's order, the plaintiffs still did not produce responses to the defendants' discovery requests. On March 24, 2004, the defendants filed a second motion for default, now pending before the court. In this motion, the defendants seek a court order: (1) entering default against the plaintiffs; (2) precluding Nicholas Sicinolfi from testifying regarding the topics addressed in the defendants' discovery requests; and

---

[2]Pursuant to D.Conn.L.Civ.R. 7(a)(1), a memorandum in opposition shall be filed within twenty-one (21) days of the filing of the motion.

(3) awarding the defendants attorneys' fees incurred in filing the motions for default. The plaintiffs again chose the perilous path of failing to submit a response to the defendants' motion.

On June 10, 2004, the court issued an order to show cause why the court should not grant the sanctions requested by the defendants. (Doc. #40.) The court ordered plaintiffs' counsel to serve a copy of the court's order on the plaintiffs and ordered the plaintiffs' counsel and the plaintiffs to appear in court on June 17, 2004.[3] The order stated that "[t]he plaintiffs are on notice that failure to comply with the court's orders may result in the imposition of sanctions, including the dismissal of this action with prejudice."

During the show cause hearing, plaintiffs' counsel stated that the discovery responses had been served on the defendants on May 24, 2004 and June 11, 2004. Counsel did not explain why it took so long to comply with the requests. Plaintiffs' counsel argued, however, that although the discovery responses were untimely, the plaintiffs had fully complied with the requests, the information had been provided before depositions and that the defendants had suffered no prejudice.

II. Discussion

---

[3] Although not required, judges are "encourage[d] to give notice directly to the client when there is reason to suspect that attorney incompetence is about to sink a client's case so that the litigant may attempt to remedy the situation." Dodson v. Runyon, 86 F.3d 37, 40 n.4 (2d Cir. 1996).

The defendants ask the court to sanction the plaintiffs for their failure to comply with discovery requests and this court's March 9, 2004 order.[4]

If a party fails to provide discovery or to comply with a court's discovery orders, Federal Rule of Civil Procedure 37 provides for the entry of such orders "as are just," including an order that designated facts shall be taken to be established for purposes of the action, Rule 37(b)(2)(A); an order preventing the disobedient party from supporting or opposing designated claims or defenses, Rule 37(b)(2)(B); the entry of dismissal or default, Rule 37(b)(2)(C); the striking of the pleadings of the offending party, Rule 37(b)(2)(C); and the award of reasonable expenses, including attorney's fees, Rule 37(b)(2).  Preclusion and default judgment are severe sanctions and should be imposed only after consideration of alternative less drastic sanctions.  Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853 (2d Cir. 1995); John B. Hull, Inc. v. Waterbury Petroleum Products, Inc., 845 F.2d 1172, 1176 (2d Cir. 1988); Update Art, Inc. v. Modin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988).

Sanctions are warranted in this case.  The plaintiffs breached their discovery obligations.  They have not offered an explanation as to why it took until May 2004 to respond to

---

[4] During the show cause hearing, the defendants filed an affidavit attesting to the attorney's fees incurred as a result of filing the motions for default.  See doc. #42.

discovery requests served in October 2003 and why they failed to comply with the court's March 9, 2004 order specifically directing production within ten days.  "A court need not beg a party to comply with its orders." Peters-Turnbull v. Board of Educ. of City of New York, No. 96 CIV. 4914(SAS), 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999).  The defendants filed a motion to compel and two motions for default before the plaintiffs served responses.  The defendants (as well as the court) were forced to expend wholly unnecessary time and effort pursuing garden-variety discovery requests.  Consequently, the discovery cut-off date for this case must be extended.  Because the plaintiffs abrogated their discovery responsibilities, sanctions are appropriate.

"The choice of the appropriate sanction . . . lies within the discretion of the court after consideration of the full record in the case." Monaghan v. SZS 33 Associates, L.P., 148 F.R.D. 500, 508 (S.D.N.Y. 1993).  Although sanctions are warranted, the court recommends that the defendants' requests for default and preclusion be denied.  The court, mindful of the strong preference for resolving a case on the merits, Worldcom Network Services, Inc. v. Metro Access, Inc., 205 F.R.D. 136, 142 (S.D.N.Y. 2002), concludes that these harsh sanctions are not appropriate where lesser sanctions are available. Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990).  The court concludes that the defendants' request for sanctions in the form of attorneys' fees should be

granted.

Accordingly, it is **HEREBY ORDERED** that:

1. The defendants are awarded their full request of $1025 in attorneys' fees incurred in filing the motions for default. In addition, the court awards $187.50 (1 ½ hours @ $125/hour) for the time spent in court on the show cause hearing for a total of $1212.50.

2. The plaintiff Sicinolfi shall supplement his responses to interrogatories 8(d) and 29. With regard to interrogatory 29, Mr. Sicinolfi shall set forth his employment history as requested with precise dates and job descriptions.

3. Discovery shall be completed (not propounded) by **November 29, 2004.** Dispositive motions, if any, shall be filed on or before **December 29, 2004.**

4. Counsel for the plaintiffs shall cause notice of this order to be served on the plaintiffs. Proof of service to the plaintiffs shall be filed with the Clerk of the Court by **July 30, 2004.**

The plaintiffs are reminded that by commencing this action, they have invoked this court's jurisdiction and have assumed certain responsibilities and obligations. Litigants have an obligation to comply with the orders of the court. The plaintiffs are admonished for their failure to do so. The plaintiffs are on notice that failure to comply with the court's orders may result in

the imposition of sanctions, including the dismissal of this action with prejudice.

III. Conclusion

For the reasons stated herein, the court recommends that the defendants' motion (doc. #34) be granted in part and denied in part. The requests for default and preclusion should be denied; the request for attorney's fees should be granted.

Any party may object to this recommended ruling within ten days after being served with the report and recommendation. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut. Failure to timely object to a magistrate judge's report may operate as a waiver of any further judicial review of the decision. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).

Dated at Hartford, Connecticut this 14th day of July, 2004.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge