**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NICHOLAS SICINOLFI and | : | |
| THE NICHOLAS-JAMES COMPANY | : | |
|      Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO.: |
| TOWN OF TRUMBULL | : | 3:03 CV 929 (AWT) |
| MARLIN LIVELY | : | |
| ANNE MOORE | : | |
| RICHARD BERNAUD and | : | |
| CHRISTOPHER PAOLETI, | : | |
|      Defendants. | : | October 29, 2004 |

## ANSWER TO FIRST AMENDED COMPLAINT

1.    This paragraph asserts legal conclusions which can neither be admitted nor denied.

2.    The Defendants do not have sufficient knowledge to admit or deny the allegations of this paragraph and, therefore, leave the Plaintiffs to their proof.

3.    The Defendants do not have sufficient knowledge to admit or deny the allegations of this paragraph and, therefore, leave the Plaintiffs to their proof.

4.    Admitted.

5.    This paragraph asserts legal conclusions which can neither be admitted nor denied.

6.    This paragraph asserts legal conclusions which can neither be admitted nor denied.

7.    This paragraph asserts legal conclusions which can neither be admitted nor denied.

8.    This paragraph asserts legal conclusions which can neither be admitted nor denied.

9.   This paragraph asserts legal conclusions which can neither be admitted nor denied.

10.   This paragraph asserts legal conclusions which can neither be admitted nor denied.

11.   This paragraph asserts legal conclusions which can neither be admitted nor denied.

12.   The Defendants do not have sufficient knowledge to admit or deny the allegations of this paragraph and, therefore, leave the Plaintiffs to their proof.

13.   The Defendants do not have sufficient knowledge to admit or deny the allegations of this paragraph and, therefore, leave the Plaintiffs to their proof.

14.   The Defendants do not have sufficient knowledge to admit or deny the allegations of this paragraph and, therefore, leave the Plaintiffs to their proof.

15.   Denied.

16.   The Defendants do not have sufficient knowledge to admit or deny the allegations of this paragraph and, therefore, leave the Plaintiffs to their proof.

17.   Denied.

18.   Denied.

19.   Denied.

20.   Denied.

21.   The Defendants do not have sufficient knowledge to admit or deny the allegations of this paragraph and, therefore, leave the Plaintiffs to their proof.

22.     The Defendants do not have sufficient knowledge to admit or deny the allegations of this paragraph and, therefore, leave the Plaintiffs to their proof.

23.     Defendants admit that there was an ethics complaint which ultimately was dismissed.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Admitted that Moore voted in favor of Lively to serve as Acting Chief of Police. The remaining allegations are denied.

28.     Denied.

29.     The Defendants do not have sufficient knowledge to admit or deny the allegations of this paragraph and, therefore, leave the Plaintiffs to their proof.

30.     Denied.

31.     Denied.

32.     Admitted that Bernard and Paoletti have been promoted during their service as officers of the Trumbull Police Department.  Admitted that Moore voted in favor of these promotions.  The remaining allegations are denied.

33.     The Defendants do not have sufficient knowledge to admit or deny the allegations of this paragraph and, therefore, leave the Plaintiffs to their proof.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

**COUNT ONE**

42.    Denied.

43.    Denied.

44.    This paragraph asserts legal conclusions which can neither be admitted nor denied.

45.    Denied.

**COUNT TWO**

46.    Denied.

47.    Denied.

48.   This paragraph asserts legal conclusions which can neither be admitted nor denied.

49.   Denied.

## COUNT THREE

50.   Denied.

51.   Denied.

52.   This paragraph asserts legal conclusions which can neither be admitted nor denied.

53.   Denied.

## COUNT FOUR

The Defendants do not answer Count Four as it has been dismissed pursuant to the Court's (Thompson, J.) decision, dated February 12, 2004.

## COUNT FIVE

58.   Denied.

59.   Denied.

60.   Denied.

61.   This paragraph asserts legal conclusions which can neither be admitted nor denied.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense – Illegality**

1.    Pursuant to Connecticut state law, the Plaintiffs' actions of providing "supervised
   visitation services" fall within the category of services requiring a license from
   Connecticut's Commissioner of Public Safety, pursuant to Connecticut General
   Statutes § 29-153.

2.    The Plaintiffs were not licensed pursuant to Connecticut General Statutes § 29-153
   during the period alleged in the Complaint.

3.    The Plaintiffs were in violation of Connecticut law in providing "supervised
   visitation services" without the requisite license during the period alleged in the
   Complaint.

4.    The Plaintiffs have no viable claim to any amounts they would have received in
   illegally continuing to provide "supervised visitation services."

### **Second Affirmative Defense – False Statement**

1.    Plaintiff Nicholas J. Sicinolfi submitted an application for permit to carry pistols
   and revolvers to the Town of Trumbull Police Department in or about February,
   1999.

2.    Sicinolfi signed his application under penalty of False Statement on February 20, 1999.

3.    Sicinolfi's application contained affirmative misrepresentations and lies of omission.

4.    Sicinolfi's affirmative misrepresentations and lies of omission were made knowingly and in a manner calculated to mislead those persons who reviewed his application.

5.    The affirmative misrepresentations include, but are not limited to, the following:

    a.   Sicinolfi listed his former address as 128 Sterling Street, Fairfield, CT, when, in fact, he lived in California prior to his present address.

    b.   Sicinolfi stated that his reason for wanting a permit to carry pistols and revolvers was to act as a courier of stocks and bonds and service of legal documents for attorneys, when he actually intended to carry a firearm while performing "supervised visitation services."

    c.   Sicinolfi stated he had experience with pistols and revolvers through military service, when, in fact, he never gained any training or experience with pistols or revolvers during the few months he was in the military.

6.    Sicinolfi's lies of omission include, but are not limited to, the following:

a. Sicinolfi failed to list his aliases in the appropriate section, in a deliberate effort to hide the fact that he was also known by the name "Nick Sarno" when providing "supervised visitation services" with his business partner James DeSanty.

b. In listing his addresses for the seven years previous to the application, Sicinolfi omitted the addresses where he lived in California during that time period.

c. In listing his employment history, Sicinolfi stated simply "Self-employed," omitting the names of all of the companies and private individuals for whom he had worked over the previous ten years, including employers in both Connecticut and California. Several of these employers had witnessed Sicinolfi carrying firearms without a permit in violation of state law.

7. The forms used by the Town of Trumbull as applications for a permit to carry pistols or revolvers, including the application submitted by Sicinolfi, include a notice stating "I declare, under the penalties of False Statement, that the answers to the above are true and correct." Sicinolfi signed his application and gave an oath thereto before a Notary Public.

8. By intentionally giving a false statement under oath, Sicinolfi committed the crime of False Statement in the Second Degree; Conn. Gen. Stat. § 53a-157b; a class A misdemeanor.

9.   The Plaintiffs have no viable claim to any remedy from the investigation and revocation of Sicinolfi's pistol permit where the permit was obtained illegally.

**Third Affirmative Defense – Improper Influence**

1.   Plaintiff Nicholas J. Sicinolfi submitted an application for permit to carry pistols and revolvers to the Town of Trumbull Police Department in or about February, 1999.

2.   Sicinolfi improperly used his business relationship with James DeSanty of the Trumbull Police Department in order to obtain a permit to carry pistols and revolvers from the Town of Trumbull.

3.   Sicinolfi convinced James DeSanty himself to process Sicinolfi's application, despite the existence of a clear conflict of interest on the part of DeSanty due to the existence of a business relationship between the two.

4.   Sicinolfi's application for a permit to carry pistols and revolvers had never undergone any scrutiny prior to the incidents alleged in the Complaint.

5.   The incidents described as a "campaign of harassment" were actually the necessary and appropriate result of Sicnolfi improperly using DeSanty to process his application.

6.      The Plaintiffs have no viable claim to any remedy where the investigation and

        detainment of the Plaintiffs resulted directly from Plaintiff Sicinolfi's wrongdoing.

**Fourth Affirmative Defense – Absolute Immunity**

1.      Plaintiff Nicholas J. Sicinolfi submitted an application for permit to carry pistols

        and revolvers to the Town of Trumbull Police Department in or about February,

        1999.

2.      Defendant Marlin Lively was not the Acting Chief of Police until after Sicinolfi's

        application had been submitted and approved.

3.      After he became Acting Chief of Police, Lively conducted a summary investigation

        into the processes employed for applications for permit to carry pistols and

        revolvers by the Town of Trumbull Police Department.

4.      Lively discovered several applications which raised concerns, including the

        application that had been submitted by Sicinolfi.

5.      As Acting Chief of Police, Lively had the discretionary authority to suspend or

        revoke Sicinolfi's pistol permit in light of the false statements contained in

        Sicinolfi's application and Sicnolfi's improper use of his business partner, James

        DeSanty, to process the application.

6.     Defendant Marlin Lively is immune from liability for damages for the revocation of

Sicinolfi's permit, pursuant to Connecticut General Statutes § 52-557n.

**Fifth Special Defense – Qualified Immunity**

1.   Reasonable persons in the Defendants' positions would have concluded that the

Plaintiffs had engaged in or, at the time, were engaging in activities which violated

the laws of the state of Connecticut, including:

   a.  Providing security services without the appropriate license issued by

Connecticut's Commissioner of Public Safety, pursuant to Connecticut

General Statutes § 29-153;

   b.  Intentionally giving a false statement under oath, in violation of Connecticut

General Statutes § 53a-157b;

   c.  Operating an unregistered motor vehicle, in violation of Connecticut General

Statutes § 14-12 (a).

2.   In all of the Defendants' actions described by the Plaintiffs, the Defendants were

performing discretionary functions necessarily part of their positions with the Town

of Trumbull.

3.  In performing the acts complained of, the Defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

4.  The Defendants are entitled to qualified immunity for all of their actions related to the present case.

DEFENDANTS,
TOWN OF TRUMBULL,
MARLIN LIVELY, ANNE MOORE,
RICHARD BERNAUD and
CHRISTOPHER PAOLETI

By: _____
Stuart E. Brown (ct 24659)
Hassett & George, P.C.
555 Franklin Avenue
Hartford, Connecticut 06114
(860) 296-2111