UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS SICINOLFI and : <br> THE NICHOLAS-JAMES COMPANY : <br>     Plaintiffs, : <br> : <br> v. : <br> : <br> TOWN OF TRUMBULL, : <br> MARLIN LIVELY, : <br> ANN MOORE, : <br> RICHARD BERNAUD and : <br> CHRISTOPHER PAOLETTI, : <br>     Defendants. : | <br><br><br><br><br>CIVIL ACTION NO.: <br> 3:03 CV 929 (AWT) <br><br><br><br><br><br> December 3, 2004 |

## LOCAL RULE 56(a)1 STATEMENT

Pursuant to Local Rule 56(a)1, the Defendants, Ann Moore, M. James Lively, Richard Bernaud, Christopher Paoletti and the Town of Trumbull, submit the following statement of material facts which are undisputed in support of their Motion for Summary Judgment.

1. The Plaintiff, Nicholas Sicinolfi, ("Sicinolfi") has also been known by the name "Nicholas J. Sarno." (Amended Complaint, case caption; Exhibit A, p.5).

2. Sicinolfi was in the United States Army for approximately 29 days before he was discharged for medical reasons. (Exhibit A, pp. 16-17).

3. Sicinolfi did not receive any training on pistols while he was in the military. (Exhibit A, p. 17).

4. Sicinolfi worked for the Nicholas-James Company, LLC. (Amended Complaint, ¶ 13; Exhibit A, p. 19).

5. The Nicholas-James Company, LLC had two employees: Sicinolfi and his partner James DeSanty. (Amended Complaint, ¶ 14; Exhibit A, p. 19).

6. Sicinolfi had worked as a watchman with James DeSanty prior to the formation of the Nicholas-James Company, LLC. (Exhibit A, p. 50).

7. The Nicholas-James Company, LLC was formed at around the same time that Sicinolfi submitted his pistol permit application to the Trumbull Police Department. (Exhibit A, p. 19).

8. Sicinolfi was the President of Nicholas-James Company, LLC. (Exhibit A. p. 20).

9. Part of Sicinolfi's duties as President of Nicholas-James Company, LLC were related to managing the finances of the company. (Exhibit A, p. 20).

10. Sicinolfi did not maintain a record of payments received by the Nicholas-James Company, LLC. (Exhibit A, pp. 37-38).

11. The Plaintiffs' business was not advertised at the Trumbull Police Department. (Exhibit A, p. 63).

12. At the time that Sicinolfi submitted his pistol permit application, he had been using the alias "Nicholas Sarno." (Exhibit A, p. 103).

13. Nicholas Sicinolfi did not provide his alias, "Nicholas J. Sarno," in his pistol permit application. (Exhibit A, p. 105).

14. Sicinolfi stated in his pistol permit application that he had experience with pistols and revolvers through his military service.  (Exhibit A, pp.107-108; Exhibit B-3).

15. Sicinolfi did not have any experience with pistols or revolvers during his military service.  (Exhibit A, p. 108).

16. Sicinolfi did not provide his employment history in his pistol permit application.  (Exhibit B-3).

17. Sicinolfi was the person who contacted each of the persons who provided character reference affidavits for his pistol permit application.  (Exhibit A, pp. 111-112).

18. Sicinolfi submitted the character references for his pistol permit application without reviewing them for completeness or accuracy.  (Exhibit A, pp. 117-118).

19. Sicinolfi's pistol permit application to the Trumbull Police Department was processed by James DeSanty.  (Exhibit A, p. 127; Exhibit B, ¶ 11; Exhibit C, ¶ 6).

20. Sicinolfi had a business relationship with James DeSanty at the time that DeSanty was processing Sicinolfi's pistol permit application.  (Exhibit A, p. 127; Exhibit C, ¶ 6).

21. M. James Lively contacted Sicinolfi regarding his pistol permit application.  (Amended Complaint, ¶ 31; Exhibit A, p. 130).

22. Lively informed Sicinolfi that the pistol permit application was under review due to Sicinolfi's false answers on his application.  (Exhibit A, p. 130).

23. Lively contacted the Connecticut State Police Special Licensing and Firearms Unit in order to inquire as to the legality of the Plaintiffs' business activities. (Exhibit B, ¶ 14; Exhibits B-12 and B-13).

24. Lively was informed that the Plaintiffs' business activities violated Connecticut law. (Exhibit B, ¶ 14; Exhibit B-13).

25. Sicinolfi's Town of Trumbull pistol permit was revoked and seized by officers of the Trumbull Police Department in August, 2001. (Amended Complaint, ¶ 31; Exhibit A, p. 133; Exhibit B, ¶¶ 15-16; Exhibit B-14; Exhibit C, ¶ 7; Exhibit D, ¶ 5).

26. Lively ordered Sicinolfi's pistol permit revoked due to the incomplete and inaccurate responses given by Sicinolfi in his permit application and due to the processing of the pistol permit application by Sicinolfi's business partner, James DeSanty. (Exhibit B, ¶¶ 11, 13, 15).

27. On the day that Sicinolfi claims he was arrested by officers of the Trumbull Police Department, he left the police station without being given permission to leave by the officers who allegedly arrested him. (Exhibit A, p. 135).

28. The incident described by Sicinolfi as an arrest; (Amended Complaint, ¶ 31); was directly related to the investigation and revocation of Sicinolfi's pistol permit. (Exhibit A, pp. 130-131, 133-134; Exhibit B, ¶¶ 16-17; Exhibit C, ¶ 7; Exhibit D, ¶ 5).

29. No charges were filed against Sicinolfi with regard to the incident described by him as an arrest. (Exhibit A, p. 137; Exhibit B, ¶ 17).

30. A police officer went to Sicinolfi's home in May, 2001 to investigate a potentially unregistered vehicle being driven by Sicinolfi.  (Amended Complaint, ¶ 31; Exhibit D, ¶ 6).

31. Richard Bernaud did not go to Sicinolfi's home nor did he dispatch a cruiser to Sicinolfi's home in connection with the investigation of a potentially unregistered vehicle being driven by Sicinolfi.  (Exhibit B, ¶ 18; Exhibit D, ¶ 6).

32. The alleged harassment of Sicinolfi's aunt stopped immediately upon Sicinolfi producing proof of the motor vehicle's registration to the Trumbull Police Department. (Exhibit A, p. 142; Exhibit B, ¶ 18).

33. Ann Moore was not involved in any of the actions the Plaintiffs claim as instances of a "campaign of harassment."  (See Complaint, ¶ 31; Exhibit E, ¶¶ 6-7).

DEFENDANTS,
MARLIN LIVELY, ANNE MOORE,
RICHARD BERNAUD,
CHRISTOPHER PAOLETI and
TOWN OF TRUMBULL

By: _____
Stuart E. Brown (ct 24659)
Hassett & George, P.C.
555 Franklin Avenue
Hartford, Connecticut 06114
(860) 296-2111

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this ___ day of December, 2004 to the following counsel and/or pro se parties of record:

William B. Barnes, Esq.
Rosenstein & Barnes
1100 Kings Highway East
Fairfield, CT  06825

                                              Stuart E. Brown

\\Sbs2k\shared\Northland Cases\Sicinolfi, Nicholas, et al v. Town of Trumbull, et al\Pleadings\Local Rule 56a1 Statement.doc