UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS SICONOLFI and : | |
| THE NICHOLAS-JAMES COMPANY : | |
|     Plaintiffs, : | |
| : | |
| v. : | |
| : | CIVIL ACTION NO.: |
| TOWN OF TRUMBULL : | 303 CV 929 (AWT) |
| MARLIN LIVELY : | |
| ANNE MOORE : | |
| RICHARD BERNARD and : | |
| CHRISTOPHER PAOLETTI, : | |
|     Defendants. : | November 23, 2004 |

### AFFIDAVIT

M. James Lively, being duly sworn, deposes and says as follows:

1. I am over the age of eighteen and believe in the obligation of an oath.

2. I am thoroughly familiar with the facts stated below and state that they are true and correct to the best of my knowledge, information and belief.

3. I am making this affidavit in support of the Defendants' Motion for Summary Judgment.

4. In the year 2001, I served as Acting Chief of Police for the Town of Trumbull.

5. In April, 2001, during my service as Acting Chief of Police, I was asked by the Board of Police Commissioners to have Lt. Kiely conduct a review of applications

for pistol permits in the Town of Trumbull and the procedures used in approving such applications.

6. I asked Lt. Kiely to prepare a report on the pistol permit applications from the previous three years. The correspondence marked Exhibit B-1 attached hereto is a true and accurate copy of the document I sent to Lt. Kiely regarding this survey of the pistol permit application with some of my notes handwritten on the correspondence regarding several extensions to the deadline for this project which were requested by Kiely.

7. When Lt. Kiely failed to complete the pistol permit assignment in a timely manner, I reassigned this project to Deputy Chief J. Edwards. A true and accurate copy of the report prepared by Edwards is attached hereto as Exhibit B-2.

8. As part of my review of pistol permit applications, I reviewed old permits and additionally reviewed all new permits and communicated with new applicants when I rejected their application.

9. In the year 2001, the pistol permit application of Nicholas J. Sicinolfi, who had applied for and received a pistol permit from the Town of Trumbull in 1999, came to my attention.

10. A true and accurate copy of Mr. Sicinolfi's pistol permit application, which I reviewed, is attached hereto as Exhibit B-3.

11. Mr. Sicinolfi's application seemed questionable for several reasons, including:

**EXHIBIT B**  2

      a. He failed to provide his alias "Nick Sarno";

      b. He indicated that he had served in the Armed Forces, but the Department of Defense had no record of him having served, a true and accurate copy of the correspondence received from the Department of Defense is attached hereto as Exhibit B-4;

      c. He stated that he had received training on pistols or revolvers during military service, but the Department of Defense indicated they had no record of his military service;

      d. He failed to list his business in which he was partners with a Town of Trumbull police officers, Det. James DeSanty; and

      e. Sicinolfi's application was processed by his business partner, DeSanty, which raised a conflict of interest. A true and accurate copy of the Trumbull Police Department Pistol permit Background Investigation is attached hereto as Exhibit B-5.

12. During my service as Acting Chief of Police, I was directed by the Town of Trumbull Board of Police Commissioners to update the department's records on officer outside employment. In accordance with their instructions, I conducted a department-wide survey of the outside employment activities of the Town of Trumbull police officers.

13. As a result of the survey of outside employment, I received correspondence from James DeSanty in which he described his affiliation with Nicholas Sicinolfi a/k/a Nick Sarno and the Nicholas-James Company, LLC. True and accurate copies of correspondence sent between myself and DeSanty are attached hereto as Exhibits B-6, B-7, B-8, B-9, B-10 and B-11.

14. By the description provided by DeSanty, it seemed that Mr. Sicinolfi and the Nicholas-James Company, LLC might be providing security services without the proper license. In this regard, a true and accurate copy of the correspondence sent to and received from the State of Connecticut Department of Public Safety are attached hereto as Exhibits B-12 and B-13.

15. After reviewing all information in this matter I determined that Sicinolfi's permit was not properly issued, and I made the decision to revoke it. On August 2, 2001, I drafted a letter to Sicinolfi and it was placed in the outgoing mailbox in my office area to be mailed the following day. A true and accurate copy of the letter is attached hereto as Exhibit B-14.

16. On August 2, 2001, after I had completed the letter to Sicinolfi, I noticed that he was sitting in a car in the parking lot of the Town of Trumbull Police Department. On that date, I had Mr. Sicinolfi's Town of Trumbull pistol permit seized and I had an officer hand deliver him the letter explaining the basis for my actions.

17. To the best of my knowledge, Nicholas J. Sicinolfi a/k/a Nick Sarno was never arrested by a member of the Trumbull Police Department. At no time did I direct an officer of the Trumbull Police Department to arrest Mr. Sicinolfi.

18. I am familiar with the allegations of the Complaint involving the investigation of the registration of Sicinolfi's motor vehicle. Sergeant Richard Bernaud was on duty at the time of this incident. Bernaud was involved in the investigation only inasmuch as he informed me that the license plate was not being misused but, rather, was a recent transfer. To my knowledge, no further investigation was conducted.

_____
M. James Lively

Subscribed and sworn to before me this ____ day of November, 2004.

_____
Commissioner of the Superior Court/
Notary Public
My Commission Expires:

**EXHIBIT B**                                                                 5