UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICHOLAS SICINOLFI and          :
THE NICHOLAS-JAMES COMPANY      :
    Plaintiffs,              :
                                :
v.                              :
                                :   CIVIL ACTION NO.:
TOWN OF TRUMBULL,               :   3:03 CV 929 (AWT)
MARLIN LIVELY,                  :
ANN MOORE,                      :
RICHARD BERNAUD and             :
CHRISTOPHER PAOLETTI,           :
    Defendants.              :   February 2, 2005

### DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT

The Defendants, Ann Moore, M. James Lively, Richard Bernaud, Christopher Paoletti and the Town of Trumbull, submit the following reply to certain portions of the Plaintiff's objection, dated January 26, 2005, to the Defendants' motion for summary judgment. The Defendants' reply is made to underscore the making of two concessions in the course of the Plaintiff's objection which together require the Court to grant the Defendants' motion for summary judgment as to the entire complaint.

**I.**     **PLAINTIFFS HAVE NOT OBJECTED TO SUMMARY JUDGMENT IN PART**

The Defendants' Motion for Summary Judgment, dated December 3, 2004, was directed to all of the remaining Counts of the Complaint. However, as set forth on the first page of the

Plaintiff's Memorandum in Opposition, "Plaintiff Sicinolfi opposes summary judgment only as to the claims against Defendants Marlin Lively, Richard Bernaud and Christopher Paoletti in Count One." Inasmuch as this objection is limited to Count One, the Court should grant summary judgment as to Counts Two through Five as to the claims made by Nicholas Sicinolfi. Furthermore, in light of the fact that the objection is made solely on behalf of Nicholas Sicinolfi and not the Nicholas-James Company, LLC, the Court should grant summary judgment as to each and every claim made by Plaintiff Nicholas-James Company, LLC. "If the movant satisfies the burden of establishing that there is no genuine issue of material fact, then the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists." Weg v. Macchiarola, 995 F.2d 15 (2d Cir. 1993).

Therefore, in the absence of any objection as to summary judgment upon Counts Two through Five as to Sicinolfi or the entire complaint as to the Nicholas-James Company, LLC, the Court should enter summary judgment.

## II. QUALIFIED IMMUNITY FOR SECURITY SERVICES ARREST

The Defendants maintain that they had probable cause to arrest the Plaintiff for violating Connecticut General Statutes §§ 53a-157b (False Statement in the Second Degree), 53a-167a (Interfering with an Officer), and 29-153, et seq. (Providing Security Services Without a License). As the Defendants have already addressed this issue, they rely upon their

2

original memorandum. The Defendants note, however, that in addressing the Defendants' arguments as to the propriety of arresting the Plaintiff for providing security services without a license, the Plaintiff has conceded that "Defendants may have believed that visitation supervision was a kind of security service and therefore that visitation supervisors should be licensed under Conn. Gen. Stat. Sec. 29-153....." (Plaintiff's Memorandum, p. 18).

In fact, the Plaintiff must concede the fact that a reasonable police officer would have believed that the Plaintiff's actions in providing "supervised visitation services" without a license violated Connecticut law. The Defendants demonstrated that, prior to August 2, 2001, they inquired as to whether the Plaintiffs' business activities, as described by the business partner James DeSanty, violated Connecticut law. (See Defendants' Exhibits B-6 through B-13). As told to the Defendants by the Connecticut State Police Special Licensing and Firearms Unit:

> From the evidence presented by your investigator, the Nicholas-James Company is more than a security consultant company; they are providing security for which they must obtain a license. Our records indicate the Nicholas-James Company is not a licensed security company and they are in violation of several sections of chapter 534 of the Connecticut General Statutes.

(Defendants' Exhibit B-13).

The Plaintiff has already admitted that he was providing his "supervised visitation services" on August 2, 2001, at the time of the purported arrest. (Amended Complaint, ¶ 31 (d); Plaintiff's Affidavit, ¶ 3). Regardless of whether the Plaintiff can prove the existence of

the "dozens" of unnamed cases to which he has been assigned, and regardless of the fact that the Plaintiff has offered proof that he once was declared an expert witness based upon his own perjured testimony,[1] the Plaintiff has conceded so much that it would have been reasonable for the police officers to believe that he was in the act of violating Connecticut General Statutes § 29-153 on August 2, 2001. "Public officials do not lose a qualified immunity when their conduct is reasonably based upon the language of a statute even though some attorneys, trial courts, or even intermediate appellate courts have ruled otherwise." Weg v. Macchiarola, 995 F.2d 15 (2d Cir. 1993).

The Court should determine that the Defendants' actions, as alleged in Count One, are protected by the doctrine of qualified immunity.

---

[1] The transcript excerpt offered by the Plaintiff demonstrates two false statements under oath committed by Nicholas Sicinolfi. The first false statement is as to his name, as demonstrated by the fact that he is called "Sarno" throughout the questioning. The second false statement is as to his qualifications, particularly his educational background. The Plaintiff testified under oath that he obtained an Associates Degree in English from Housatonic. (See Transcript Excerpt, p. 44). At his deposition, however, the Plaintiff admitted that his testimony in the Braver v. Braver case was not accurate. (Deposition of Nicholas Sicinolfi, pp. 205-206) [Excerpt of Plaintiff's Deposition attached hereto].

4

## III. CONCLUSION

The Plaintiffs failure to object to summary judgment as to Counts Two through Five necessitates the entry of summary judgment upon those Counts. The Plaintiff's concession that the police officers may have believed his actions were in violation of Connecticut General Statutes § 29-153 would require the Court to grant summary judgment as to Count One at least upon the basis of qualified immunity.

WHEREFORE, the Court should enter summary judgment as to Counts One through Three and Count Five.

DEFENDANTS,
TOWN OF TRUMBULL,
MARLIN LIVELY, ANN MOORE,
RICHARD BERNAUD and
CHRISTOPHER PAOLETTI

By: *Stuart Brown*
Stuart E. Brown (ct 24659)
Hassett & George, P.C.
555 Franklin Avenue
Hartford, Connecticut 06114
(860) 296-2111

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed this 2nd day of February, 2005 to the following counsel and/or pro se parties of record:

William B. Barnes, Esq.
Rosenstein & Barnes
1100 Kings Highway East
Fairfield, CT  06825

_____
Stuart E. Brown

\\Sbs2k\shared\Northland Cases\Sicinolfi, Nicholas, et al v. Town of Trumbull, et al\Pleadings\Reply to Objection to MSJ.doc