**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
NICHOLAS SICINOLFI and              :
THE NICHOLAS-JAMES COMPANY, LLC,    :
                                    :
                  Plaintiffs,       :
                                    :
v.                                  :  CASE NO. 3:03CV929(AWT)
                                    :
TOWN OF TRUMBULL,                   :
MARLIN LIVELY,                      :
ANN MOORE,                          :
RICHARD BERNAUD and                 :
CHRISTOPHER PAOLETTI,               :
                                    :
                  Defendants.       :
```

**ENDORSEMENT ORDER**

The defendants' Motion for Summary Judgment (Doc. No. 49) is hereby GRANTED in part and DENIED in part. The sole remaining claim is the 42 U.S.C. § 1983 claim for false arrest against defendants Bernaud and Paoletti in Count One.

With respect to plaintiff Nicholas Sicinolfi's claim in Count One, the Motion for Summary Judgment is being denied with respect to defendants Bernaud and Paoletti because genuine issues of material fact exist (i) as to whether Sicinolfi was arrested, and if so, whether he was arrested because he failed to surrender his state pistol permit to defendants Bernaud and Paolette, and (ii) assuming Sicinolfi was arrested, with respect to whether defendants Bernaud and Paoletti had proper grounds for a warrantless arrest of Sicinolfi, as discussed at pages 12-15 and 18-19 of the plaintiffs' memorandum in opposition.  (See Pls.'

Mem. in Opp'n to Defs' Mot. for Summ. J. (Doc. No. 55) at 12-15, 18-19.)

Also as to Count One, defendants Bernaud and Paoletti fail to meet their initial burden with respect to their argument that they are entitled to qualified immunity with respect to Sicinolfi's 42 U.S.C. § 1983 false arrest claim. The only evidence produced by them in support of their qualified immunity argument that is material to Sicinolfi's surviving claim is paragraph 7 of defendant Paoletti's affidavit dated November 2, 2004 (Doc. No. 51, Ex. C) and paragraph 5 of defendant Bernaud's affidavit dated November 2, 2004 (Doc. No. 51, Ex. D), neither of which provides sufficient facts to establish a defense of qualified immunity to a claim of an illegal warrantless arrest, as opposed to an arrest in the absence of probable cause; the affidavits give no details as to what defendants Bernaud and Paoletti observed or did once they approached Sicinolfi's car, or what else, if anything, they understood. Moreover, even assuming that what occurred was one of the scenario's posited in the defendants' memorandum, genuine issues of material fact exist as to whether defendants Bernaud and Paoletti had proper grounds for a warrantless arrest of Sicinolfi.

The motion is being granted with respect to Sicinolfi's claim in Count One against defendant Lively, because the only evidence in the record is that on August 2, 2001, after Lively

had completed the letter to plaintiff Sicinolfi, Lively noticed that Sicinolfi was sitting in a car in the parking lot of the Town of Trumbull Police Department and ordered officers to seize Sicinolfi's Town of Trumbull pistol permit and hand deliver to Sicinolfi the letter explaining the basis for Lively's action. Although Sicinolfi asserts that Lively intentionally had Sicinolfi arrested, he produces no evidence that could support that conclusion; Sicinolfi merely points to his own observation of Lively standing at a window overlooking the parking lot, from which Lively could see what was happening.

Summary judgment is being granted, with the acquiesce of the plaintiffs, with respect to all the remaining claims by plaintiff Sicinolfi in Counts Two, Three, Four, and Five and also being granted with respect to the entire complaint as to plaintiff Nicholas-James Company, LLC because the defendants have met their initial burden and the plaintiffs have failed to create a genuine issue of material fact as to any of those claims.

It is so ordered.

Dated this 26th day of August 2005, in Hartford, Connecticut.

/s/AWT

Alvin W. Thompson
United States District Judge