UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICHOLAS SICINOLFI and
THE NICHOLAS-JAMES COMPANY      :
    Plaintiffs,                 :
                                  :
v.                                :
                                  :   CIVIL ACTION NO.:
TOWN OF TRUMBULL                  :   303 CV 929 (AWT)
MARLIN LIVELY                     :
ANNE MOORE                        :
RICHARD BERNARD and               :
CHRISTOPHER PAOLETI,              :
    Defendants.                 :   January 11, 2006

**DEFENDANTS' OBJECTION TO PLAINTIFF'S
MOTIONS FOR EXTENSION OF TIME**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 16 of the Local Rules of Civil Procedure for District Court of Connecticut, the Defendants hereby object to the Plaintiff's several motions dated January 9, 2006. Those motions entitled "Motion to Extend Time to File Joint Trial Memorandum," "Motion for Extension of Scheduling Order," and "Motion for Status Conference" seek an unwarranted delay to this case, which instead should be proceeding to a trial as soon as possible. The Defendants respectfully request that the Court deny the Plaintiff's motions.

1

**I.     History of Case**

In support of the present Objection, the Defendants note that the parties submitted a Report of Parties' Planning Meeting conducted pursuant to Rule 26 of the Federal Rules of Civil Procedure, that Report being dated July 29, 2003. The Court (Thompson, J.) approved the Report and entered a scheduling order on September 22, 2003 requiring discovery to be completed by May 3, 2004 and dispositive motions to be filed by July 1, 2004. The parties have already completed discovery, and a motion for summary judgment has been filed by the Defendants and was ruled upon by the Court in August, 2005.

In October, 2005, the Court entered a Trial Memorandum Order requiring the parties to complete the last preparations for presenting this case at a trial. That Trial Memorandum Order requires the filing of a Trial Memorandum by no later than January 24, 2006. Shortly after that Trial memorandum Order was entered, the undersigned transmitted a preliminary draft of a Joint Trial Memorandum to Plaintiff's former counsel, Attorney William Barnes.

On or prior to November 9, 2005, the undersigned was informed by Attorney William Barnes that due to health reasons he would be withdrawing from this case and Attorney Erskine McIntosh would be filing an Appearance for the Plaintiff in his stead. On or prior to November 9, 2005, the undersigned contacted Attorney McIntosh by telephone in order to confirm that he would be appearing for the Plaintiff and to inform him of the status of this case and the pending requirements of the Trial Memorandum Order. Attorney McIntosh confirmed that he would be

filing an Appearance but expressly refused to discuss anything else having to do with this case. After that initial conversation, a month went by without any contact from Attorney Barnes or Attorney McIntosh, either in the form of a Motion to Withdraw Appearance from Barnes or an Appearance from McIntosh.  On December 9, 2005, the undersigned sent a letter to Attorney Barnes with a copy to Attorney McIntosh, noting the continued inaction by both in this matter. It was only after this letter was sent that Attorney McIntosh filed an Appearance for Mr. Sicinolfi and Attorney Barnes filed his Motion for Leave to Withdraw as Counsel.  Since that Appearance by Attorney McIntosh, the only direct contact between counsel (other than the initial attempt over the telephone by the undersigned) was a letter, dated January 6, 2006, from Attorney McIntosh inquiring as to the Defendants' position on the proposed motions.

## II.     Argument

The Court should deny the Plaintiff's motions as an unwarranted delay of the proceedings.

Local Rule 16 (b) sets forth the procedure of the Connecticut District Court in relation to scheduling orders such as the one at issue here.  Local Rule 16 (b) states, in part: "The schedule established by the Court for completing discovery, filing dispositive motions and filing a joint trial memorandum shall not be modified except by further order of the Court on a showing of good cause.  <u>The good cause standard requires a particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification,</u>

<u>for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan.</u>" (Emphasis added.). A finding of "good cause" depends upon the diligence of the moving party. <u>Parker v. Columbia Pictures Industries</u>, 204 F.3d 326, 339-40 (2d Cir. 2000).

The parties have, in fact, already completed discovery and filed dispositive motions. The Plaintiff's new counsel, however, is attempting to reopen discovery, which was scheduled to be completed a year and a half ago. The Plaintiff's new counsel wants to conduct depositions of "at least four individuals...." (Motion to Extend Time to File Joint Trial memorandum, p.1). This case is now on the verge of a trial, and the Plaintiff's new counsel believes "additional discovery on the part of the plaintiff must take place...." (<u>Id</u>.). This is not a showing of "good cause" nor of the necessity of an extension despite the diligence of the Plaintiff. In fact, it appears that the Plaintiff's new counsel is tacitly suggesting a lack of diligence by the Plaintiff and his former counsel.

Moreover, the complete inaction by the Plaintiff's new counsel to date shows a lack of diligence by the Plaintiff. Plaintiff's counsel refused to discuss the status of this case when the opportunity was presented. Plaintiff's counsel has not inquired of opposing counsel as to the possibility of conducting any particular discovery, nor has he inquired of Defendant's counsel as to the availability of any particular individuals for depositions. In the complete absence of even an attempt at conducting or coordinating the additional discovery purported to be desired,

the Plaintiff's new counsel cannot make the requisite showing of a diligent attempt of complying with the present Scheduling Order and the Trial Memorandum Order.

**III.     Conclusion**

The Court should deny the Plaintiff's motions and require the Plaintiff immediately to comply with his obligations under the existing Scheduling Order and Trial Memorandum Order.

DEFENDANTS,

By: *[signature]*
Stuart E. Brown (ct24659)
Hassett & George, P.C.
555 Franklin Avenue
Hartford, Connecticut 06114
(860) 296-2111

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this 11th day of January, 2006 to the following counsel and/or pro se parties of record:

Atty. Erskine D. McIntosh
The Law Offices of Erskine D. McIntosh, P.C.
3129 Whitney Avenue, Second Floor
Hamden, CT 06518-2364

Stuart E. Brown (ct 24659)

SEB/
\\Sbs2k\shared\Northland Cases\Sicinolfi, Nicholas, et al v. Town of Trumbull, et al\Pleadings\Objection to Motions to Extend Scheduling Order.doc

6